Bruce McMANUS, Appellant,

v.

KENTUCKY RETIREMENT SYS-
TEMS; and Kentucky Employees
Retirement System, Appellees.

No. 2002–CA–000961–MR.

Court of Appeals of Kentucky.

June 13, 2003.

Discretionary Review Denied by
Supreme Court Jan. 14, 2004.

Case Ordered Published by
Supreme Court Jan. 14, 2004.

James P. Benassi, Morgan, Madden, Brashear & Collins, London, KY, for Appellant.

James Dodrill, Frankfort, KY, for Appellee.

Before BUCKINGHAM, GUIDUGLI, and McANULTY, Judges.

## OPINION

McANULTY, Judge.

Bruce McManus appeals from an opinion and order of the Franklin Circuit Court that affirmed the denial of his application for disability retirement benefits by the Board of Trustees of the Kentucky Retirement Systems. We affirm.

McManus, who was born in 1950, became employed as a Family Services Clinician with the Department for Families and Children in February 1995. His duties included preparation of reports, conducting interviews, inspecting homes, testifying in court, supervising visits of children, and transporting children. In the spring of 1996, McManus started experiencing severe chest pain and suffered three heart attacks. He was diagnosed with diffuse coronary artery disease. He subsequently underwent several procedures involving cardiac catheterization, angioplasty, and a coronary bypass. McManus had been diagnosed with juvenile onset diabetes mellitus as early as age 15 in 1976. He was treated with standard insulin therapy that allowed him to continue relatively normal activity, but he developed numerous complications such as retinopathy, neuropathy, nephropathy and renal failure. By January 1999, McManus was forced to spend extensive periods in the hospital and subsequently quit his job.

On October 29, 1998, McManus filed a notification of retirement with the Kentucky Retirement Systems seeking retirement disability benefits pursuant to Kentucky Revised Statues (KRS) 61.600. Upon review of his application and medical records, each of the three members of the Medical Review Board recommended denial of benefits based on McManus's preexisting diabetic condition. On November 2, 1999, McManus filed a motion to disqualify the current medical examiners that had reviewed his application, which was denied. In February 2000, the parties took the deposition of Dr. David Hogancamp, a cardiologist and McManus's primary physician. In April 2000, the parties took McManus's deposition by telephone because of his deteriorating health condition.

In May 2000, Kentucky Retirement Systems filed a notice of submission listing as an exhibit three chapters from a textbook entitled, "Diabetes Mellitus," which consisted of technical medical articles discussing the relationship between diabetes, arthroscleroses, and hypertension. In November 2000, McManus filed an objection to submission of this document. On December 19, 2000, the hearing officer ordered the parties to submit any additional documentary evidence by January 26, 2001 and position papers by March 14, 2001. After the parties filed position statements, the record was closed, and the case was submitted for decision without a hearing.

On May 29, 2001, the hearing officer issued his report and recommended order. Kentucky Retirement Systems stipulated that McManus met all the requirements for retirement disability under KRS 61.600(1) and (2), except that his disabling condition pre-existed his membership in the Kentucky Retirement Systems. The medical records indicated that McManus underwent two cardiac catheterizations in September 1996, October 1997, and a balloon angioplasty and replacement of a stent in October 1997. He was diagnosed as having hypertension, chronic end-stage coronary artery disease, and diabetes mellitus with hyperlipidemia, renal insufficiency, diabetic neuropathy, diabetic nephropathy, and diabetic retinopathy as early as May 1996. He was admitted to the hospital numerous times with chest pain and was described as suffering unstable angina with severe, diffuse coronary artery disease. Dr. Hogancamp's description of McManus's condition included severe diffuse coronary disease, chronic kidney failure, and juvenile onset diabetes. Dr. Hogancamp's report on the April 1998 catheterization procedure listed his impression of McManus's condition as "left ventricular dysfunction with large area of anteroapical hypokinesis" and "severe two-vessel coronary artery disease with diffusely diseased diabetic vessels."

During his deposition, Dr. Hogancamp was questioned extensively on the possible causes for McManus's coronary artery disease. Although acknowledging that diabetes is a well-known major risk factor for heart disease, he refused to opine that McManus's arthesclerosis was caused by his diabetes. He asserted that at this time, medical science was incapable of identifying causation of heart disease at the genetic or molecular level, so he could not say that McManus's diabetes was either a direct or indirect cause of his coronary artery disease. He noted that diabetes is only one of several known risk factors including high blood pressure, high cholesterol, and family history. Dr. Hogancamp stated: "I can't sit here and say that diabetes didn't cause it any more than I could say it caused it. I can just say that it's one of a number of risk factors that he (McManus) happens to have diabetes and that's one of the risk factors." Dr. Hogancamp also explained

that his use of the term "diabetic vessels" in his April 1998 report did not mean he believed diabetes was the cause of McManus's coronary artery disease.

After summarizing McManus's extensive medical history since 1996, the hearing officer found that McManus's diabetes mellitus pre-existed his re-employment and was the direct or indirect cause for his disabling conditions based in part on a clear clinical association between diabetes and coronary artery disease. He recommended that McManus's application be denied because he failed to sustain his burden of proof of establishing the requirements to qualify for retirement disability. McManus filed exceptions to the hearing officer's report, but the record does not contain a ruling on the exceptions. On July 3, 2001, the Disability Appeals Committee of the Board of Trustees accepted and adopted the hearing officer's report and recommendation. The circuit court upheld the Board's decision denying McManus's application for disability retirement benefits finding the decision was supported by substantial evidence. This appeal followed.

■ McManus raises several procedural issues that also affect analysis of the substantive issues in this appeal. First, he alleges that the hearing officer improperly assigned him, rather than the Kentucky Retirement Systems, the burden of proof as to causation for his coronary artery disease. KRS 61.600 states in relevant part:

(2) Upon the examination of the objective medical evidence by licensed physicians pursuant to KRS 61.665, it shall be determined that:

(a) The person, since his last day of paid employment, has been mentally or physically incapacitated to perform the job, or jobs of like duties, from which he received his last paid employment. . . .

(b) The incapacity is a result of bodily injury, mental illness, or disease. . . .

(c) The incapacity is deemed to be permanent; and

(d) The incapacity does not result directly or indirectly from bodily injury, mental illness, disease, or condition which pre-existed membership in the system or reemployment, whichever is most recent. . . .

(3) Paragraph (d) of subsection (2) shall not apply if:

(a) The incapacity is a result of bodily injury, mental illness, disease, or condition which has been substantially aggravated by an injury or accident arising out of or in the course of employment; or

(b) The person has at least sixteen (16) years' current or prior service for employment with employers participating in the retirement systems administered by the Kentucky Retirement Systems.

This statute does not explicitly allocate the legal burden of proof, but it should be construed in conjunction with other statutes and case law. For instance, KRS 13B.090, part of the Administrative Procedure Act, addresses burdens of proof in connection with administrative proceedings. Section (7) states:

In all administrative hearings, unless otherwise provided by statute or federal law, the party proposing the agency take action or grant a benefit has the burden to show the propriety of the agency action or entitlement to the benefit sought. The agency has the burden to show the propriety of a penalty imposed or the removal of a benefit previously granted. The party asserting an affir-

mative defense has the burden to establish that defense. The party with the burden of proof on any issue has the burden of going forward and the ultimate burden of persuasion as to that issue. The ultimate burden of persuasion in all administrative hearings is met by a preponderance of evidence in the record. Failure to meet the burden of proof is grounds for a recommended order from the hearing officer.

*See also Brown Hotel Co. v. Edwards,* Ky., 365 S.W.2d 299 (1962); *Dawson v. Driver,* Ky., 420 S.W.2d 553 (1967); *cf. Burton v. Foster Wheeler Corp.,* Ky., 72 S.W.3d 925 (2002)(claimant bears burden of proving every essential element of a workers' compensation claim); *Whittaker v. Rowland,* Ky., 998 S.W.2d 479 (1999)(same). McManus has cited a plethora of cases in other areas of the law such as insurance contracts that are not applicable to the current situation. He also asserts that the pre-existing condition factor could be considered an affirmative defense with the burden of proof on the Kentucky Retirement Systems.

While the Kentucky Retirement Systems may be obligated to raise the issue of causation based on a pre-existing condition as part of its review procedure that includes a written report of conclusions and recommendations by the group of medical examiners, the placement of the pre-existing condition factor alongside and in the same subsection as other threshold factors such as the existence of incapacity and permanency militates against treating it as a full-scale affirmative defense. Additionally, KRS 61.665(3) provides for a hearing challenging a determination of the Kentucky Retirement Systems "in accordance with KRS Chapter 13B," which places the burden of proof on the claimant seeking benefits. We cannot say the hearing officer erred in assigning McManus the burden of proof on the issue of causation related to a pre-existing condition.

Determination of the burden of proof also impacts the standard of review on appeal of an agency decision. When the decision of the fact-finder is in favor of the party with the burden of proof or persuasion, the issue on appeal is whether the agency's decision is supported by substantial evidence, which is defined as evidence of substance and consequence when taken alone or in light of all the evidence that is sufficient to induce conviction in the minds of reasonable people. *See Bourbon County Bd. Of Adjustment v. Currans,* Ky.App., 873 S.W.2d 836, 838 (1994); *Transportation Cabinet v. Poe,* Ky., 69 S.W.3d 60, 62 (2001)(workers' compensation case); *Special Fund v. Francis,* Ky., 708 S.W.2d 641, 643 (1986). Where the fact-finder's decision is to deny relief to the party with the burden of proof or persuasion, the issue on appeal is whether the evidence in that party's favor is so compelling that no reasonable person could have failed to be persuaded by it. *See Currans, supra; Carnes v. Tremco Mfg. Co.,* Ky., 30 S.W.3d 172, 176 (2000)(workers' compensation case); *Morgan v. Nat'l Resources & Environ. Protection Cabinet,* Ky.App., 6 S.W.3d 833, 837 (1999). "In its role as a finder of fact, an administrative agency is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses, including its findings and conclusions of fact." *Aubrey v. Office of Attorney General,* Ky.App., 994 S.W.2d 516, 519 (1998)(citing *Kentucky State Racing Commission v. Fuller,* Ky., 481 S.W.2d 298, 309 (1972)). Causation generally is a question of fact. *Coleman v. Emily Enterprises, Inc.,* Ky., 58 S.W.3d 459, 462 (2001). A reviewing court is not free to substitute its judgment for that of an agency on a factual issue unless the agency's decision is arbitrary and capri-

cious. *See Johnson v. Galen Health Care, Inc.,* Ky.App., 39 S.W.3d 828, 832 (2001).

■ In the current case, McManus relies on Dr. Hogancamp's testimony and his position that the Kentucky Retirement Systems had the burden of proving causation. As discussed above, the latter is erroneous and the former clearly does not compel reversal of the agency's decision. The evidence is not so overwhelming that the hearing officer's conclusion was unreasonable.

Even if the Kentucky Retirement Systems did bear the burden of proof, there is substantial evidence in the record to support a finding that McManus's coronary artery disease directly or indirectly resulted from his pre-existing diabetes. Despite stating that causation is impossible to determine, Dr. Hogancamp acknowledged that diabetes is generally considered a major risk factor for coronary artery disease. The medical reports repeatedly refer to McManus's condition just one year after re-employment as "diffuse" and "end-stage" suggesting that it was well-developed prior to re-employment, although relatively unsymptomatic until 1996. McManus also experienced other complications from his diabetes such as renal insufficiency, neuropathy (involving leg numbness), nephropathy (kidney), and hyperlipidemia. McManus testified that he was being placed on kidney dialysis because of the chronic nature of his kidney condition. McManus had been coping with his diabetes for over 20 years at the time he became re-employed and his general condition indicates the multi-faceted and extensive effect it was having on him. In addition, he failed to present evidence suggesting other pre-dominant causes. Viewing the entire record, we believe there is substantial evidence to support a finding that McManus's incapacity was at least indirectly as a result of his pre-existing diabetes mellitus.

■ McManus contends that the three chapters of the medical textbook were inadmissible and should not have been considered by the hearing officer. McManus's protest that he was somehow prejudiced because of a lack of notice about this documentary evidence is puzzling because he was served a copy of documents and the Kentucky Retirement Systems' notice of submission in May 2000. He had ample opportunity to submit rebuttal evidence prior to the closing of the file. KRS 13B.090(2) permits the submission of evidence in written form if doing so will expedite the hearing without substantial prejudice to any party. KRS 13B.090(1) states that hearsay evidence is admissible if it is the type of evidence that reasonable and prudent persons would rely on in their daily affairs. KRS 13B.090(1) and (2) support the hearing officer's denial of McManus's objection to admission and consideration of the textbook medical articles.

■ Finally, McManus challenges the qualifications of the medical examiners who reviewed his application. He questions their membership in the retirement system and contends they are not regular treating physicians. KRS 61.665(1) provides that the Board "shall employ at least three (3) physicians, licensed in the state and not members of the system" to serve as medical examiners. McManus maintains that this statute should be interpreted to require the examiners to be engaged in the actual hands on treatment of patients. In a prehearing conference order denying McManus's motion to disqualify the examiners, the hearing officer stated that the Kentucky Retirement Systems had previously certified that its examiners were not members of the retirement system. The case law provided by McManus

pertains exclusively to the practice of medicine as it has been construed in prosecutions for practicing without a license. We agree with the hearing officer that the case law cited by McManus is distinguishable and does not apply to construing KRS 61.665(1). This statute merely requires that the examiners be licensed to practice in the state. It is clear and unambiguous. *See, e.g., White v. Check Holders, Inc.,* Ky., 996 S.W.2d 496, 497 (1999)(clear and unambiguous statute must be given effect as written); *Smith v. Commonwealth,* Ky. App., 41 S.W.3d 458, 460 (2001). McManus's argument is without merit.

For the foregoing reasons, we affirm the opinion and order of the Franklin Circuit Court.

ALL CONCUR.