**BOARD OF TRUSTEES OF THE KENTUCKY RETIREMENT SYSTEMS, Appellant**

v.

**ESTATE OF Daisy CHANEY, Appellee.**

**No. 2007–CA–000426–MR.**

Court of Appeals of Kentucky.

April 18, 2008.

Brian C. Thomas, Frankfort, KY, for appellant.

James Dean Liebman, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; CAPERTON and MOORE, Judges.

*OPINION*

MOORE, Judge.

The Board of Trustees of the Kentucky Employees Retirement Systems (KERS) seeks review of two orders of the Franklin Circuit Court. In one order, the circuit court set aside the Board's order adopting a report and recommended order of a KERS hearing officer in which the officer recommended KERS suspend the retirement disability benefits of the decedent, Daisy Chaney. In the other order, the circuit court denied KERS' motion to alter, amend or vacate the circuit court's first order. On appeal, KERS argues that its hearing officer's recommendation was supported by substantial evidence, thus concluding that the circuit court erred. However, finding that the hearing officer's recommendation was not supported by substantial evidence, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The decedent, Daisy Chaney, was employed as a case worker by the Cabinet for Human Resources, Department of Social Services. Chaney worked for the Cabinet for over seventeen and one-half years. During that time, Chaney developed a number of physical ailments and suffered from depression. In June 1994, Chaney filed an application with the Kentucky Employees Retirement Systems (KERS) for retirement disability benefits. In her application, Chaney claimed that she was unable to perform her duties as a case worker due to her physical and mental condition. However, KERS' medical review board denied Chaney's application. Eventually, Chaney appealed her claim to the Disability Appeals Committee, which denied her application.

After the Disability Appeals Committee denied her claim, Chaney filed another application in May 1996, claiming again that she was physically and mentally incapable of working. Initially, the medical review board denied Chaney's second application. After further consideration, it

approved her application, awarding her retirement disability benefits.[1]

For the next several years, Chaney received benefits from KERS. However, in 2003, Chaney submitted medical records from her primary care physician, Dr. Morris L. Peyton, for KERS' medical review board to consider in deciding whether KERS should continue paying benefits to Chaney. After reviewing Dr. Peyton's latest records, KERS' medical review board recommended that Chaney's benefits be suspended. Chaney appealed this decision to the Board of Trustees, but the Board affirmed the medical review board's decision. Subsequently, Chaney requested a hearing before a hearing officer regarding the termination of her retirement disability benefits.

After Chaney learned of the Board's decision, she began treatment with Dr. Robert J. Bunge, a general psychiatrist. Dr. Bunge opined that Chaney suffered from major depression and he opined that "she is disabled from working due to her depressed mood, difficulties interacting with others, difficulties handling stress, and diminished concentration." In February 2004, Chaney submitted to an independent psychological evaluation conducted by Dr. Paul A. Ebben, a forensic psychologist. Dr. Ebben subjected Chaney to numerous tests; after testing, he diagnosed Chaney with chronic major depression that was mild to moderate in severity and with generalized anxiety disorder. Dr. Ebben also rendered the following forensic opinions:

There is evidence that [Chaney] continues to suffer from Major Depression and Generalized Anxiety Disorder. These are the same conditions from which she was suffering when she was approved

for disability retirement benefits in June of 1996. There is evidence that she is experiencing a mild-moderate level of emotional distress, and perhaps mild-moderate functional impairment secondary to these conditions. With appropriate and comprehensive treatment, these conditions should not be totally disabling, and should not result in a total incapacity to perform the duties of her most recent position. Mrs. Chaney clearly told me that it was "the entire package" of job stress that resulted in the exacerbation of depression, and it is my understanding that emotional distress secondary to what might be considered typical or normal job stress would not be a qualifying factor for disability retirement benefits. Whether that is a pertinent issue at this juncture, as it relates to someone who has already been approved for benefits, I am not sure. Nevertheless, mild-moderate depression and anxiety is [sic] not considered totally disabling. Appropriate treatment would improve prognosis, which is currently fair.

With regard to the permanency issue, I suspect that Mrs. Chaney is going to continue to experience depression and anxiety for a period of time not less than 12 months from this evaluation, but again, that level of distress should abate with appropriate and comprehensive treatment. It seems that she has only resumed psychiatric care over the past few months, and although she may have been receiving some medicine through a primary care physician, that is not sufficient. With proper medication management by a psychiatrist, and regular, formal, structured psychotherapy with a

---

1. While the letter in which KERS informed Chaney that she had been approved did not state the grounds on which KERS' decision was based, the parties do not dispute that KERS approved her application due to her psychiatric problems of depression and anxiety.

trained and experienced psychotherapist, further improvement is expected, to the point where she would be able to resume a level of social and occupational functioning that would allow her to resume work in her most recent position.

Several months after Chaney was evaluated by Dr. Ebben, Chaney died from lung failure. After Chaney died, her estate continued her appeal. In April 2005, a KERS' hearing officer issued a report and recommended order. In the hearing officer's report, he took note of Dr. Ebben's evaluation, summarizing Dr. Ebben's opinion as "while [Chaney] may continue to experience depression and anxiety, the conditions are mild to moderate and not disabling with appropriate treatment."[2] The hearing officer also took note of Dr. Bunge's records regarding Chaney but discounted the psychiatrist's opinions because he did not conduct any tests. Additionally, the hearing officer took note of Dr. Peyton's office records. The hearing officer found that Dr. Peyton had noted that (1) Chaney was depressed in July 2003; (2) was evaluated by Kentucky River Comprehensive Care in the past; and (3) that he would send Chaney back to Comprehensive Care if needed.

After discussing the medical evidence, the hearing officer set forth the following findings of fact:

> Claimant [Chaney] was approved for disability retirement benefits due to her mental impairments, not her physical complaints. There are scant records submitted following her approval related to her mental incapacity. Likely because the Claimant discontinued psychiatric treatment some time after she was approved for disability. She reported to

Dr. Ebben in [2004] that she had not . . . sought counseling for at least 2–3 years. The records indicate the Claimant sought treatment again only after her benefits were going to be discontinued and her counsel referred her to Dr. Bunge for evaluation. While Dr. Bunge opined that the Claimant was still disabled by her mental impairments, he conducted no testing and was basing his opinion solely on her subjective reports of incapacity. Additionally, Claimant reported improvement in her depression with only a few sessions and a change in her medication.

> Claimant's treating physician, Dr. Peyton, indicated in his office record [in] July 2003, that he would send her for psychiatric treatment again if needed. It appears that even Dr. Peyton did not find her depression/anxiety to be that incapacitating so as to require treatment other than medication.

Based on the findings of fact *supra,* the hearing officer made the following conclusions of law:

> After careful consideration of the evidence, the Hearing Officer concludes that the records establish that the Claimant was no longer incapacitated by her mental impairments and recommends that her benefits be **DISCONTINUED.**

Subsequently, the Board of Trustees adopted the hearing officer's report and recommended order in its entirety, making it final and appealable.

Once KERS terminated Chaney's retirement disability benefits, her estate filed a complaint with the Franklin Circuit Court seeking, pursuant to KRS 61.665(5) and KRS 13B.140, appellate review of the

---

2. In the hearing officer's report, he also summarized the medical evaluations that were the basis of KERS' denial of Chaney's first application although those evaluations were irrelevant to resolving Chaney's administrative appeal.

Board of Trustees' final order adopting the hearing officer's report. In the estate's complaint, it argued that KERS' termination of Chaney's benefits was arbitrary, capricious and not supported by substantial evidence. The circuit court noted that the record contained no evidence addressing whether Chaney's mental condition improved, became worse or continued without change in the preceding two to three years in which Chaney did not seek counseling. According to the circuit court, the only evidence was Dr. Ebben's opinion that if Chaney received twelve months of therapy, then her mental condition would improve to such an extent that she could return to work. Also, the court noted that KERS had asserted that Chaney's condition was not permanent because she could have improved with twelve months of therapy. Citing KRS 61.600, the court reminded the parties that the General Assembly had defined "permanent" for the purposes of retirement disability benefits as an incapacity that could be expected to last continuously for a period of not less than twelve months. According to the circuit court, KERS' assertion that Chaney's incapacity was not permanent was based on the assumption that her mental condition would have improved before completion of the twelve months of recommended therapy. The circuit court held that the record could not support this proposition because Chaney died within twelve months of Dr. Ebben's recommendation.

The circuit court held that

[b]ecause Mrs. Chaney died prior to completion of 12 months of therapy and without any contemporaneous determination of current recovery, it is clear Mrs. Chaney was disabled at the time of the review. KRS 61.615(2) provides that benefits may be discontinued "[i]f the board's medical examiner determines that a recipient of a disability retirement allowance *is*, prior to his

normal retirement date, no longer incapacitated." (Emphasis added). The Retirement System is not authorized to discontinue benefits on the basis that an employee *may* no longer be incapacitated at a future date prior to regular retirement if she continues on a certain treatment.

Based on this reasoning, the circuit court set aside KERS' termination of Chaney's retirement disability benefits.

In response to the court's ruling, KERS filed a motion to alter, amend or vacate. In its order addressing KERS' motion, the court noted that it appeared that the only post-approval evidence that the hearing officer considered credible was Dr. Ebben's 2004 evaluation. The court did an in-depth analysis of Dr. Ebben's evaluation and noted that Dr. Ebben stated in his report that with appropriate, comprehensive treatment, Chaney's major depression and her generalized anxiety disorder should not be totally disabling and should not result in Chaney being totally incapacitated. The court noted that KERS focused on a part of a sentence in Dr. Ebben's report that read, "mild-moderate depression and anxiety is not considered totally disabling[,]" and that KERS claimed that this sentence proved that Chaney was not disabled at the time Dr. Ebben evaluated her. However, the circuit court rejected this proposition because Dr. Ebben stated that Chaney's conditions should not be disabling with appropriate treatment. The circuit court concluded that Dr. Ebben opined that Chaney could have recovered with appropriate treatment, but he never found that she had recovered. Thus, the circuit court denied KERS' motion to alter, amend or vacate.

## II. STANDARD OF REVIEW

Regarding the standard of review in administrative appeals including those from KERS, the Court of Appeals stated

[w]hen the decision of the fact-finder is in favor of the party with the burden of proof or persuasion, the issue on appeal is whether the agency's decision is supported by substantial evidence, which is defined as evidence of substance and consequence when taken alone or in light of all the evidence that is sufficient to induce conviction in the minds of reasonable people. Where the fact-finder's decision is to deny relief to the party with the burden of proof or persuasion, the issue on appeal is whether the evidence in that party's favor is so compelling that no reasonable person could have failed to be persuaded by it. "In its role as a finder of fact, an administrative agency is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses, including its findings and conclusions of fact." Causation generally is a question of fact. A reviewing court is not free to substitute its judgment for that of an agency on a factual issue unless the agency's decision is arbitrary and capricious.

*McManus v. Kentucky Retirement Systems,* 124 S.W.3d 454, 458–459 (Ky.App. 2003) (citations omitted).

### III. ANALYSIS

In KERS' brief, it points out that in the report of Dr. Ebben's evaluation, he stated that "mild-moderate depression and anxiety is [sic] not considered totally disabling." KERS claims that its hearing officer relied on this isolated sentence and that this proves that Dr. Ebben had opined that Chaney was not incapacitated at the time of the KERS' 2003 review. Furthermore, KERS avers that the record shows that Chaney stopped attending counseling shortly after receiving retirement disability benefits. According to KERS, if Chaney's mental condition was disabling, then she would have sought treatment for it as she did prior to being approved for benefits. Consequently, KERS reasons that Chaney's failure to attend counseling demonstrates that her mental condition had improved. In addition to the fact that Chaney stopped attending counseling, KERS notes that Dr. Peyton stated in his office notes that Chaney had been evaluated at Kentucky River Comprehensive Care and that he, Dr. Peyton, would refer Chaney back to Comprehensive Care if needed. KERS asserts that this statement constitutes evidence that Chaney's mental condition was not as severe as it was when KERS awarded benefits to her. According to KERS, Dr. Ebben's evaluation, Chaney's failure to attend counseling, and Dr. Peyton's failure to refer Chaney to Comprehensive Care constitute substantial evidence supporting the hearing officer's recommendation to terminate Chaney's benefits.

According to KRS Chapter 61, an employee of the Commonwealth may retire on disability if, since the last date of employment, the employee is mentally or physically incapacitated. An employee is incapacitated if he is unable to perform his job or a job of like duties and his incapacity is permanent. KRS 61.600(1) and (3)(a)-(c). An employee's incapacity will be considered permanent if it is expected to continuously last for a period of not less than twelve months from the employee's last day of paid employment. KRS 61.600(5)(a). Once an employee has been approved to receive retirement disability benefits, KERS may discontinue such benefits if it determines that, prior to the employee's normal retirement date, he is no longer incapacitated. KRS 61.615(2). In the present case, KERS had the burden of proof because it was seeking to terminate Chaney's previously approved retirement disability benefits.

Now, before this Court, KERS argues that the hearing officer's recommendation

was supported by three pieces of substantial evidence. KERS argues that the fact that Chaney discontinued counseling two to three years prior to the 2003 review proved that her mental condition had improved and that she was no longer incapacitated. To be substantial evidence, a piece of evidence must be "sufficient to induce conviction in the minds of reasonable people." *McManus*, 124 S.W.3d at 458. The fact that Chaney discontinued counseling is not affirmative evidence, in and of itself, that she was no longer incapacitated. It may, however, be considered circumstantial evidence because one could reasonably infer that she discontinued counseling having experienced improvement.

KERS' burden was not just to prove that Chaney experienced an improvement in her condition but that she experienced such an improvement she was no longer incapacitated as that term is defined in KRS 61.600. For KERS to be successful, one must reasonably infer that Chaney's discontinuation of counseling constituted substantial evidence that she improved to the extent that she was no longer incapacitated. While Chaney's discontinuation of counseling may be sufficient to support potential improvement in her condition, it is not sufficient to induce in the minds of reasonable people that Chaney was no longer incapacitated.

For the same reasons, the fact that Dr. Peyton stated that he would refer Chaney back to Comprehensive Care if needed is not substantial evidence. As with Chaney's discontinuation of counseling, one can reasonably infer from Dr. Peyton's statement that Chaney's depression had improved. However, one cannot reasonably infer from that statement that she improved to such an extent that she was no longer incapacitated. To summarize, these two pieces of evidence do not constitute substantial evidence that Chaney was

no longer incapacitated; consequently, the hearing officer's report and, ultimately, the Board of Trustee's decision were arbitrary.

KERS also argues that Dr. Ebben's evaluation supported the hearing officer's decision. Specifically, KERS insists that the statement in Dr. Ebben's report that "mild-moderate depression and anxiety is not considered totally disabling[,]" meant that Dr. Ebben had concluded that Chaney was not incapacitated. However, turning to the hearing officer's report, we find that he noted that Dr. Ebben had opined that Chaney's conditions would not be disabling *with appropriate treatment*. Nowhere in his report did he claim that Dr. Ebben's opinion was that Chaney was no longer incapacitated. A review of the hearing officer's report reveals that he neither cited the sentence fragment set forth by KERS nor did he rely on Dr. Ebben's evaluation in making his recommendation.

Assuming for the sake of argument that the hearing officer had relied upon Dr. Ebben's statement that "mild-moderate depression and anxiety is not considered totally disabling[,]" this is not sufficient to induce in the minds of reasonable people that Chaney was no longer incapacitated. Turning to Dr. Ebben's report, we find that he opined that

> [w]ith proper medication management by a psychiatrist, and regular, formal, structured psychotherapy with a trained and experienced psychotherapist, further improvement is expected, to the point where she would be able to resume a level of social and occupational functioning that would allow her to resume work in her most recent position.

KERS was required to prove that Chaney was capable of returning to work at the time of the review. Despite KERS' insistence to the contrary, this was not Dr. Ebben's conclusion; consequently, his evaluation, either in whole or in part, does

74

not constitute substantial evidence supporting the hearing officer's recommendation.

Because the hearing officer's report and recommended order were not supported by substantial evidence, the Franklin Circuit Court correctly set aside the Board of Trustees' order adopting the hearing officer's recommendation. Consequently, the decision of the Franklin Circuit Court is affirmed.

ALL CONCUR.