RENDERED:  JANUARY 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0450-MR

KENTUCKY RETIREMENT                                              APPELLANT
SYSTEMS

v.              APPEAL FROM FRANKLIN CIRCUIT COURT
                HONORABLE PHILLIP J. SHEPHERD, JUDGE
                       ACTION NO. 17-CI-00646

ROSA STEPHENS                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  Appellant, Kentucky Retirement Systems, appeals from an

opinion and order of the Franklin Circuit Court reversing the denial of an

application for disability retirement benefits by the Appellee, Rosa Stephens

(Stephens).  After our review, we affirm.

Stephens was employed as an Office Support Assistant II for the Cabinet for Health and Family Services. In her brief, Stephens explained that her job duties consisted of interaction with clientele in person and by phone, filing, computer entry, maintaining the pro-card budget, and ordering office supplies. The exertional requirements of this position were sedentary. Stephens became a member of the Kentucky Employees Retirement Systems (KERS) on January 1, 1998. The last day that she physically worked was April 30, 2015, and her final day of paid employment was November 27, 2015. When she left work, Stephens had accumulated more than seventeen (17) years of service credit.[1] On August 6, 2015, Stephens applied for disability retirement benefits based upon severe depression, high blood pressure, panic attacks, post-traumatic stress disorder (PTSD), insomnia, and anxiety.[2]

The Franklin Circuit Court's February 28, 2020, opinion and order provides a concise summary of the background of this case as follows:

> Due to multiple people leaving her office, Petitioner contends that she was required to perform the job responsibilities of three different positions. Petitioner also contends that she was bullied by both her coworkers and supervisors. And, Petitioner believes that the tragic situations that she had to encounter while working for the

---

[1] Because Stephens had more than 16 years of service credit, the prohibition against a pre-existing condition does not apply. Kentucky Revised Statutes (KRS) 61.600(4)(b).

[2] As the Franklin Circuit Court noted, Stephens no longer argues that she is disabled from high blood pressure or insomnia, and those conditions are not at issue in this case.

Cabinet for Health and Family Services caused her to be increasingly stressed. As a result of these factors, Petitioner states that she began to experience symptoms of anxiety and depression in July of 2013.

Petitioner received psychological counseling from Susan Miller, a Licensed Clinical Social Worker, from January 30 to August 14, 2014. Ms. Miller diagnosed . . . PTSD due to her work stress. Petitioner also received evaluation from Timothy Poynter, an Advanced Practice Registered Nurse, on January 31, 2014. Mr. Poynter prescribed Petitioner with Buspirone, Celexa and Doxepin HCl for her anxiety. . . . [O]n May 1, 2015, . . . Mr. Poynter instructed Petitioner to remain on medical leave from work for two weeks.

. . . [O]n May 15, 2015[,] . . . Petitioner told [Mr. Poynter] that her depression had not resolved. Mr. Poynter then referred Petitioner to Dr. Zev Zusman, a psychiatrist . . . later that day with complaints of decreased energy, decreased concentration, decreased appetite, weight loss and increased anxiety from workplace stressors. Dr. Zusman diagnosed Petitioner with severe major depressive disorder and prescribed her Doxepin, Celexa, and Buspirone.

. . . Petitioner was on medical leave from work from May 1, 2015 to May 15, 2015, and again from May 15, 2015 to June 14. 2015. Both Ms. Miller and Dr. Zusman recommended that Petitioner avoid stressful situations in order to mitigate her symptoms. Ms. Miller recommended that Petitioner avoid formal employment until she no longer had panic attacks. Petitioner followed up with Mr. Poynter on June 11, 2015, who recommended that Petitioner continue her medication.

Petitioner reported increased feelings of isolation, decreased energy levels, and decreased concentration to Dr. Zusman on July 10, 2015. Petitioner told him that she was not able to go to Wal-Mart without experiencing

anxiety. Dr. Zusman confirmed Petitioner's anxiety and depression and told her to continue both her medication and her counseling. Petitioner continued to see Dr. Zusman from May 26, 2015 to December 1, 2015. Petitioner saw Mr. Poynter again on August 7, 2015. Mr. Poynter instructed her to stay off work through September 10, 2015. . . .

Dr. Zusman filled out a "Medical Assessment of Ability to do Work Related Activities (Mental)" for Petitioner on December 1, 2015. Dr. Zusman noted that Petitioner had a fair ability to follow work rules, relate to coworkers, use judgment, deal with work stressors, function independently, and interact with supervisors. However, he also noted that Petitioner had poor ability to deal with the public, to maintain attention or concentration, to behave in an emotionally stable manner, or to relate predictably in social situations. Petitioner continued to be treated by Dr. Zusman through early 2016.

Petitioner saw Ms. Julie Joseph Fox for a psychological evaluation on December 15, 2015. Ms. Fox also filled out a Medical Assessment of Abilities to do Work Related Activities (Mental) for Petitioner on December 16, 2015. Ms. Fox found that Petitioner had a poor ability to deal with the public and to deal with work stressors. Ms. Miller also filled out this assessment for Petitioner on February 2, 2016. Ms. Miller found that Petitioner had poor ability to relate to coworkers, to deal with the public, to interact with supervisors, to deal with work stresses, and to maintain attention or concentration. Ms. Miller believed that these problems stemmed from Petitioner's PTSD and depression, and recommended that Petitioner avoid stressful situations.

Ms. Miller provided . . . further treatment from July 29, 2015 to March 10, 2016. Petitioner stated that she experienced a panic attack when returning to work on September 15, 2015. Ms. Miller noted that Petitioner

-4-

was experiencing disturbed sleep, seclusion, panic attacks, crying, feelings of hopelessness, racing thoughts, excessive worry, and anger.

Petitioner underwent an Independent Psychological Examination by Dr. Paul Ebben on September 21, 2016. Dr. Ebben found that Petitioner was under moderate emotional distress and that Petitioner experienced some tearful episodes. Though Petitioner could perform all required tasks and answer all questions, Dr. Ebben noted that Petitioner was somewhat overwhelmed by the end of the examination. Dr. Ebben diagnosed her with Generalized Anxiety Disorder, Moderate Major Depressive Disorder, elements of PTSD, and Personality Disorder. Dr. Ebben specifically noted that Petitioner would have trouble returning to her previous job specifically **but could possibly return to a job of like duties**, as her mental health conditions were caused by encounters with particular people at her work. Dr. Ebben believed Petitioner's conditions would last longer than twelve months.

. . . Petitioner submitted her corrected application for disability retirement benefits, which was received by the Retirement Systems on August 6, 2015. As the basis for her application, Petitioner listed severe depression, high blood pressure, panic attacks, post-traumatic stress disorder ("PTSD"), insomnia, and anxiety. Petitioner's medical records were reviewed by the Medical Review Board twice, and each time denial was recommended.

Petitioner appealed her initial denial and requested an administrative hearing [which] was held on September 6, 2016. . . . [T]he Hearing Officer found that Petitioner **was permanently incapacitated from her job or jobs of like duties** based on her cited mental health conditions. . . . The Hearing Officer found that though circumstances of Petitioner's previous job exacerbated her symptoms, her conditions persisted even after the end of her employment, and that these conditions interfered

-5-

with her ability to perform her work. And, the Hearing Officer noted that multiple treating physicians recommended that Petitioner be taken off work.

. . .

The Board of Trustees of the Retirement Systems (the "Board") rejected the Hearing Officer's recommendations and replaced it with its own Final Order. The Board found that Petitioner **was not disabled from performing jobs of like duties**, since Petitioner's mental health conditions were specifically caused and exacerbated by her former workplace. To that point, the Board cited specifically to Dr. Ebben's belief that Petitioner is not disabled from performing jobs with similar work requirements and denied her application for disability retirement benefits.

(Emphases added).

Stephens appealed to the Franklin Circuit Court. She argued that she was disabled from performing her previous jobs or jobs of like duties and that although her mental health conditions had been caused by the circumstances at her former job, those conditions still persisted.

By opinion and order rendered February 28, 2020, the circuit court reversed the Board. At pages 7-8, the court discussed the applicable standard of review on appeal of adverse decisions of KERS, citing *McManus v. Kentucky Retirement Systems*, 124 S.W.3d 454, 458 (Ky. App. 2003) ("Where the fact-finder's decision is to deny relief to the party with the burden of proof or persuasion, the issue on appeal is whether the evidence in that party's favor is so

-6-

compelling that no reasonable person could have failed to be persuaded by it."). The court further explained that "when reviewing an administrative decision on appeal, the Court accepts the Board's findings of fact as true **if substantial evidence supports them**. . . .  As long as substantial evidence supports the agency's findings, the Court must defer to the agency, even if conflicting evidence exists."  (Emphasis added.)

The circuit court concluded that Dr. Ebben's opinion -- that Stephens might possibly be able to return to a job of like duties -- was speculative.  At pages 10-12 of its opinion and order, the circuit court explained in detail as follows:

> Upon review of the record, there is a difference of opinion between the various medical professionals that treated Petitioner for her conditions.  In his Medical Assessment of Petitioner, Dr. Zusman was of the opinion that Petitioner had a poor ability to deal with the public, to maintain attention, or concentration, to behave in an emotionally stable manner, or to predictably relate in social situations.  In Ms. Fox's Medical Assessment, she found that Petitioner had a poor ability to deal with the public and with work stressors.  And, in Ms. Miller's [sic] Medical Assessment, she found that Petitioner had a poor ability to relate to coworkers, to deal with the public, to interact with supervisors, to deal with work stresses, and to maintain attention or concentration.  Ms. Miller recommended that Petitioner avoid stressful or unpredictable situations.  Mr. Poynter continually recommended to Petitioner that she take time away from work for weeks – and sometimes months – at a time.  And, the record makes clear that Petitioner's mental health conditions had persisted with no improvement beginning in 2013 and beyond the end of her employment.

However, the record also states that Petitioner's stressors that specifically arose from her former job were what caused and exacerbated her mental health problems. This includes workplace harassment and being required to perform the work of three people due to a staffing shortage. It is for this reason that Dr. Ebben believed that Petitioner may possibly be able to return to a job of like duties, though she would have trouble returning to her specific former position. Evaluated in context, it is overwhelming [sic] clear that **Dr. Ebben's observation on this point is sheer speculation**.

Accordingly, the Court finds **that substantial evidence does not support** the position of the Retirement Systems that Petitioner would be able to perform a job of like duties. Again the Court is required to defer to the Retirement Systems findings even if there is conflicting evidence, but is only required to do so if substantial evidence supports the Retirement Systems' findings. *Kentucky Comm'n on Human Rights*, 625 S.W.2d at 856. And, substantial evidence is that evidence which is able to induce conviction in the minds of reasonable men." *Kentucky State Racing Comm'n*, 481 S.W.2d at 308.

In the instant case, Dr. Ebben only spent approximately three hours with Petitioner in order to perform his Independent Psychological Examination. As a result, Dr. Ebben **speculated that Petitioner could possibly** perform jobs with duties like those of her former position. The Court finds that **this speculative opinion does not constitute substantial evidence**, and instead the Court agrees with the Hearing Officer that Petitioner is disabled from both her former position and from jobs of like duties. It is clear from the opinions of several medical professionals and others who treated Petitioner over the course of several years that she is unable to perform similar work. The treating physicians and mental health professionals who examined Petitioner were unanimous in their conclusion that he she [sic] lacks

the ability to deal with the public or with high stress situations. Simply put, there is no job in the social services area that does not require dealing with members of the public who are in crisis, and with stress situations. **No such low stress position of "like duties"** which Petitioner could allegedly perform with her medical and mental health conditions, **was ever identified in the record**.

Dr. Zusman was Petitioner's primary treating psychiatrist, and treated Petitioner over the course of several years without noting much improvement. He found that Petitioner had a poor ability to deal with the public, to maintain attention or concentration, to behave in an emotionally stable manner, or relate predictably in social situations. Dr. Zusman and Ms. Miller found that Petitioner could mitigate her symptoms by avoiding stressful situations. Further, Mr. Poynter continually recommended that Petitioner take leave from work in order to treat her symptoms, sometimes for months at a time. Ms. Miller who also treated Petitioner for years, recommended that she avoid any formal employment until her symptoms resolve themselves. Thus, the Court finds that the uncontested evidence in record [*sic*] reflects that she was unable to perform either her previous job or one of like duties, and thus must be granted disability benefits.

(Emphases added). Accordingly, the circuit court reversed the final

order of the Board of Trustees.

On appeal to this Court, Appellant argues that the circuit court:

applied the incorrect standard in reviewing the Board's final order and that it

stepped into the role of factfinder by reweighing the evidence. It also argues that

in reweighing the evidence, the circuit court erred by disregarding the substantial

-9-

evidence supporting the Board's decision and misapplying the law. It claims that the circuit court did not cite any evidence of record so compelling that no reasonable person could fail to be persuaded by it; it contends that the court further erred by improperly shifting the burden of proof to the Board. Since there is both overlap and redundancy among these issues, we address them together because the sub-parts essentially constitute a single argument.

In *Kentucky Retirement Systems v. Ashcraft*, 559 S.W.3d 812 (Ky. 2018), our Supreme Court addressed the standard governing appellate review of Board decisions:

> Judicial review of the KERS disability retirement decision is controlled by KRS 13B.150, with subsection (2) setting forth the standard of review.
>
>> The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the final order or it may reverse the final order, in whole or in part, and remand the case for further proceedings if it finds the agency's final order is:
>>
>> …
>>
>> (c) Without support of substantial evidence on the whole record;
>
> …
>
> Importantly, the first sentence of this subsection mandates that the courts not substitute their judgment

"for that of the agency," which in KERS cases is the Board.

[T]his Court has adopted then-Judge, later Justice, McAnulty's statement in *McManus* as an accurate statement of the appropriate standard of review. *McManus* stated:

> Determination of the burden of proof also impacts the standard of review on appeal of an agency decision. . . . Where the fact-finder's decision is to deny relief to the party with the burden of proof or persuasion, the issue on appeal is whether the evidence in that party's favor is so compelling that no reasonable person could have failed to be persuaded by it.

*Id.* at 817-18) (citation omitted).

As KERS notes in its brief, *Ashcraft* outlined a two-step approach for courts reviewing final Board orders as follows:

> [W]e believe [a] two-step approach . . . is the best approach. Even in those cases where the applicant has failed to meet his or her burden of proof (the Board's decision is adverse), a reviewing court should first consider whether substantial evidence supports the Board's decision. If there is not substantial evidence, reversal is appropriate under KRS 13B.150(2)(c). If there is substantial evidence, the court must further consider whether the applicant's proof was so compelling that no reasonable person could have failed to be persuaded.

*Id.* at 822.

-11-

In *Bradley v. Kentucky Retirement Systems*, 567 S.W.3d 114 (Ky. 2018), which was decided the same day as *Ashcraft,* the Supreme Court reiterated that:

> [W]here the applicant loses before the Board, it is appropriate on judicial review for the courts, at every level, to first consider whether the denial is supported by substantial evidence. If it is not so supported, the court is required to reverse pursuant to KRS 13B.150(2)(c) and KRS 61.665(3)(d). However, if there is substantial evidence supporting the Board's decision, the court should then consider, as explained in *McManus*, whether the applicant's evidence was so compelling that no reasonable person could fail to be persuaded.

Although KERS acknowledges that the circuit court correctly analyzed the standard of review, it contends that the court misapplied it by stepping in as a new trier of fact and improperly reweighing the evidence.  KERS claims this contention is made evident by the court's statements at page 10 of its opinion phrased in terms of the court "finds" or the court "must next determine." Appellant also contends that the circuit court's statement (*i.e.*, "Dr. Ebben's observation is sheer speculation") is another "obvious example of reweighing the evidence."  Appellant takes issue with the circuit court's statement that Dr. Ebben only spent about three hours with Stephens and asserts that the circuit court improperly gave more weight to treating physicians. Appellant also contends that the circuit court improperly dismissed Dr. Ebben's report as "sheer speculation" without citing to any evidence to support this claim.

-12-

Our review persuades us that KERS has misconstrued the circuit court's opinion. The court did **not**: misapply the standard of review on appeal, usurp the role of the fact-finder, give more weight to the treating physicians, or improperly shift the burden of proof to the Board. Rather, the circuit court carefully explained its observations, reasonings, and the basis for its opinion that substantial evidence did not support the Board's denial.

At page 1 of its final order, the Board states that it "specifically finds that Claimant failed to prove by a preponderance of the objective medical evidence that she was permanently physically or **mentally** incapacitated as of her last day of paid employment from performing her sedentary job or **jobs of like duties** as required by KRS 61.600(3)(a)." KRS 61.600(3) provides in relevant part that:

> Upon the examination of the objective medical evidence by licensed physicians pursuant to KRS 61.665, it shall be determined that: (a) The person, since his last day of paid employment, has been mentally or physically incapacitated to perform the job, or jobs of like duties, from which he received his last paid employment. . . .

Central to the Board's determination is the opinion of Dr. Ebben, who performed an Independent Psychological Examination. As set forth at page 21 of its final order, the Board found that Dr. Ebben opined as follows:

> A. Ms. Stephens suffers from Generalized Anxiety Disorder, Major Depression Moderate, she is the victim of abuse, and there are elements of Histrionic Personality

Disorder that appear to be moderate in severity. **As to whether her condition is total and incapacitating, it would appear that although she would have difficulty returning to her old job, because of the specific circumstances occurring in that job, <u>it also appears quite possible that a job of like duties is possible</u>**. . . . (Emphasis added)(Exhibit 25).

B. In terms of whether her condition is considered permanent, it does appear as if her condition has lasted greater than 12 months and will continue to last greater than 12 months past this examination date.

Dr. Ebben's opinion regarding Stephens' returning to a job of like duties is couched in terms **of possibility**. As Stephens notes, the Board wholly disregarded the reports of her physicians (which constituted objective medical evidence) "with no medical contradiction other than Dr. Ebben's equivocal report."

We concur with the circuit court's conclusion that Dr. Ebben's opinion is speculative and that, therefore, it cannot constitute substantial evidence to support the Board's denial. *Combs v. Stortz*, 276 S.W.3d 282, 296 (Ky. 2009) (opinions expressed in terms of possibility may be properly excluded as speculative). Accordingly, pursuant to *Ashcraft,* reversal is not only appropriate but required.

We AFFIRM the opinion and order of the Franklin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Lori Meister
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Stephen C. Sanders
Frankfort, Kentucky