RENDERED: JANUARY 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1861-MR

DAVID RAWLINGS                                                        APPELLANT

v.               APPEAL FROM FRANKLN CIRCUIT COURT
                 HONORABLE THOMAS D. WINGATE, JUDGE
                          ACTION NO. 19-CI-00235

KENTUCKY RETIREMENT SYSTEMS,
BOARD OF TRUSTEES OF KENTUCKY
RETIREMENT SYSTEMS; DISABILITY
APPEALS COMMITTEE OF THE BOARD
OF TRUSTEES OF KENTUCKY RETIREMENT
SYSTEMS; AND COUNTY EMPLOYEE
RETIREMENT SYSTEMS                                                     APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND MAZE, JUDGES.

MAZE, JUDGE: David Rawlings (Rawlings) appeals from an opinion and order

of the Franklin Circuit Court which affirmed a final order of the disability appeals

committee of the Board of Trustees of the Kentucky Retirement Systems (Board) denying his claims for non-hazardous and duty-related disability benefits. He contends that the Board clearly erred by classifying his position as "light work" and by determining his functional capacity based on that classification. Rawlings further argues that the Board's decision to deny his benefits was not supported by substantial evidence. But while the evidence in this case was conflicting, the Board was entitled to rely on contrary objective medical evidence, as well as the hearing officer's determinations regarding Rawlings' credibility. In light of our standard of review, we cannot find that the Board's decision was arbitrary or unsupported by substantial evidence. Hence, we affirm.

Rawlings was previously employed as an equipment senior operator/resource recovery operator for the Lexington-Fayette Urban County Government (LFUCG). He started his membership with the County Employees Retirement Systems (CERS) on October 31, 1999, and his last day of paid employment was January 13, 2016. On March 8, 2016, Rawlings filed an application for non-hazardous disability retirement benefits and duty-related disability retirement benefits. He alleged disability based on back injuries he sustained in a work-related injury on May 29, 2015. He also alleged that his existing low-back pain, left ankle pain, and upper shoulder pain had become disabling following the injury.

-2-

His application was reviewed by the Medical Review Board, which collectively recommended denial of benefits. Thereafter, Rawlings submitted additional medical records. Upon further review, all three members of the Medical Review Board recommended denial of the application of duty-related disability retirement benefits. However, one member recommended approval of his application for non-hazardous disability retirement benefits.

Subsequently, Rawlings requested an administrative hearing, which was held on August 7, 2018. On January 9, 2019, the hearing officer issued a recommended order that Rawlings' application for duty-related disability and non-hazardous disability retirement benefits be denied. On February 26, 2019, the Board adopted the recommended order with one modification.

Rawlings then filed a petition for review in the Franklin Circuit Court pursuant to KRS[1] 61.665(5) and KRS 13B.140. Upon review of the record, the circuit court determined that the record did not compel a finding that Rawlings is entitled either to non-hazardous or to duty-related disability retirement benefits. Rawlings now appeals to this Court.

---

[1] Kentucky Revised Statutes.

In *McManus v. Kentucky Retirement Systems*, 124 S.W.3d 454 (Ky. App. 2003), this Court set out the standard of review for decisions by the Board as follows:

> Determination of the burden of proof also impacts the standard of review on appeal of an agency decision. When the decision of the fact-finder is in favor of the party with the burden of proof or persuasion, the issue on appeal is whether the agency's decision is supported by substantial evidence, which is defined as evidence of substance and consequence when taken alone or in light of all the evidence that is sufficient to induce conviction in the minds of reasonable people. Where the fact-finder's decision is to deny relief to the party with the burden of proof or persuasion, the issue on appeal is whether the evidence in that party's favor is so compelling that no reasonable person could have failed to be persuaded by it. In its role as a finder of fact, an administrative agency is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses, including its findings and conclusions of fact . . . . A reviewing court is not free to substitute its judgment for that of an agency on a factual issue unless the agency's decision is arbitrary and capricious.

*Id.* at 458-59 (cleaned up). *See also Kentucky Ret. Sys. v. Bowens*, 281 S.W.3d 776 (Ky. 2009).

Rawlings primarily argues that the Board erred in finding no objective evidence supporting his claims for either non-hazardous disability retirement benefits or duty-related disability benefits. To be eligible for disability retirement benefits, KRS 61.600(3) requires a worker to prove, among other things, that: (a) he or she is mentally or physically incapacitated to perform the duties of his or her

-4-

job; (b) "[t]he incapacity is a result of bodily injury, mental illness, or disease"; (c) "[t]he incapacity is deemed to be permanent"; and (d) "[t]he incapacity does not result directly or indirectly from bodily injury, mental illness, disease, or condition which pre-existed membership in the system or reemployment, whichever is most recent." However, KRS 61.600(3)(d) does not apply if "[t]he incapacity is a result of bodily injury, mental illness, disease, or condition which has been substantially aggravated by an injury or accident arising out of or in the course of employment; or . . . [t]he person has at least sixteen (16) years' current or prior service for employment with employers participating in the retirement systems administered by the Kentucky Retirement Systems." KRS 61.600(4)(a)-(b).

Furthermore, KRS 61.621 provides for enhanced benefits if an employee dies or becomes totally and permanently disabled as a result of a duty-related injury. For purposes of this section, "duty-related injury" means:

> 1. a. A single traumatic event that occurs while the employee is performing the duties of his position; or
> b. A single act of violence committed against the employee that is found to be related to his job duties, whether or not it occurs at his job site; and
> 2. The event or act of violence produces a harmful change in the human organism evidenced by objective medical findings.
>
> (b) Duty-related injury does not include the effects of the natural aging process, a communicable disease unless the risk of contracting the disease is increased by the nature of the employment, or a psychological, psychiatric

-5-

or stress-related change in the human organism unless it is the direct result of a physical injury.

KRS 61.621(2).

Rawlings first argues that the Board clearly erred by classifying his position as "light work" and by determining his functional capacity on that basis. The LFUCG's description of Rawlings' position provides that he was required to hand/finger/feel and climb/balance repetitively and to reach/push/pull, bend/stoop crouch, and kneel/crawl frequently. The description further provides that Rawlings had to lift 20 pounds frequently and the heaviest items he had to lift without assistance were 10-pound shovels used to clean out the back of a garbage truck. Rawlings worked eight hours per day, with six hours spent sitting/driving and two hours standing/walking. Based upon this description, the hearing officer found that Rawlings' job "can be best described as light duty work."

Rawlings takes issue with this finding, noting his own testimony that his position required a lot of bending and pulling as well as heavy lifting of over 100 pounds. Under KRS 61.600(5)(c)4., these requirements would classify the job as heavy work. Rawlings also notes that the hearing officer's findings reference a different job description stating that his position required lifting of 50 pounds repetitively and up to or over 100 pounds occasionally. Based on this description, Rawlings contends that his position should have been classified as at least medium work. KRS 61.600(5)(c)3.

But for reasons discussed below, the hearing officer did not find Rawlings' testimony about the physical exertion requirements of his job to be credible. And while the hearing officer referenced the other job description in the recitation of evidence, the hearing officer based her findings upon the job description setting out the lesser physical exertion requirements. A reviewing court must afford great latitude to the hearing officer in the evaluation of the evidence heard and the credibility of witnesses. *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972). As the circuit court noted,

> This Court, sitting in review, is not at liberty to set aside the factual findings from the administrative proceeding, even if there is conflicting evidence in the record and even if the Court would have afforded different evidentiary values to Rawlings' testimony and the employer job description.

We agree with the circuit court's assessment. Although there was evidence supporting Rawlings' claim that his job should be classified as at least medium duty work, the evidence did not compel that conclusion. In light of the findings of fact, the hearing officer properly classified Rawlings' job as "light work" as defined by KRS 61.600(5)(c)2.

Rawlings primarily argues that he presented compelling and objective medical evidence supporting his claim. Prior to the May 29, 2015, accident, Rawlings had been treated for conditions including low back pain, chronic left ankle pain, and upper shoulder pain. He suffered a work-related back injury in

2004, for which he received workers' compensation benefits. From 2009 to 2011, Rawlings was treated for complaints of intermittent low back pain. Thereafter, he was treated by Dr. Donald Douglas for lumbar sprains/strains and spondylosis, and by Dr. Wesley Johnson for left knee pain and swelling and chronic pain syndrome. In 2012, Dr. Jason Harrod performed surgery on Rawlings' left foot and left lower extremity.

Rawlings was involved in a motor vehicle accident on May 29, 2015, while driving his garbage truck. He testified that a vehicle stopped abruptly. While attempting to avoid hitting the vehicle in front of him, Rawlings stood to press on the air brakes. Rawlings stated that the brakes were faulty, resulting in the garbage truck striking the rear end of the vehicle in front of him. Rawlings testified that the truck had a full load, and the force of the collision knocked him back down into the seat. He went to the emergency room one week after the accident with complaints of pain in the lower left side of his back. Rawlings was released from work following the accident, and he did not return to work until October 2015.

Rawlings relied on medical records and a report by his treating physician, Dr. John Richard. Dr. Richard reported that, following treatment and physical therapy, Rawlings' spine showed normal curvature with no evidence of scoliosis. However, Rawlings demonstrated decreased flexion and extension and

pain with flexion and extension. Rawlings continued to complain of back pain despite use of anti-inflammatory medication and physical therapy. His other physicians reported similar complaints.

Rawlings underwent a Functional Capacity evaluation based upon his diagnosis of lumbar spondylosis and lumbar degenerative disc disease. The evaluation noted that Rawlings demonstrated decreased lumbar range of motion and strength; decreased bilateral hip range of motion and strength; and limitations with pushing, lifting, carrying, standing, walking, climbing stairs, crouching, kneeling, crawling, bending, stooping, and overhead reaching. The evaluation concluded that Rawlings was unable to perform his current job duties but was able to perform sedentary work. Similarly, Dr. Frank Burke submitted an evaluation concluding that Rawlings was unable to perform his job duties. Rawlings also presented evidence that he received private disability benefits through CIGNA Insurance. Finally, Rawlings has been awarded workers' compensation benefits for the accident and Social Security Disability benefits based on his inability to perform his job duties.

In response, LFUCG focuses on Rawlings' suspension and ultimate resignation after he twice tested positive for drug use. Rawlings tested positive for cocaine after the accident. He received a 180-day suspension for testing positive after the accident, which he served upon his release to work in October 2015. In

December 2015, Rawlings was again suspended pending termination following another positive drug test.  LFUCG contends that Rawlings resigned from his position because he was about to be terminated and not because he was unable to perform the essential functions of his job.  LFUCG also maintains that Rawlings' drug use and inconsistent answers cast doubt on his credibility.

In addition, LFUCG also presented at the hearing the police report from the May 29, 2015 accident indicating that the damage to the garbage truck was relatively minor and Rawlings did not seek treatment for his injuries until after he tested positive for cocaine.  LFUCG further presented evaluations from two physicians who stated that Rawlings was not disabled from performing his job duties.  Dr. Henry Tutt opined that Rawlings had not sustained anything greater than a lumbar sprain/strain, which should have reached maximum medical improvement within six to eight weeks following the date of injury.  Dr. Tutt advised that Rawlings should be capable of performing his usual job duties without restriction.  Similarly, Dr. J. Rick Lyon concluded that Rawlings reached maximum medical improvement in October 2015 and had a 0% whole-person impairment.

The record does not support the suggestion in the Board's brief that Rawlings has no functional impairment.  Indeed, the objective medical evidence clearly shows that Rawlings had ongoing back problems before the May 29, 2015,

accident and that he developed significant functional impairments following the accident. The only question is whether those impairments rendered him physically incapacitated to perform the job, or jobs of like duties, from which he received his last paid employment.

But while there was conflicting evidence, we must again point out that a reviewing court must give great deference to the hearing officer's evaluation of the evidence. There was substantial evidence supporting the hearing officer's finding that Rawlings is not physically incapacitated from performing the essential functions of his job duties. Likewise, there was substantial evidence to support the hearing officer's findings that Rawlings failed to show he is totally and permanently disabled as a result of the May 25, 2015, accident. Since the Board's final order was supported by substantial evidence of record and followed the correct rule of law, neither the circuit court nor this Court is at liberty to reach a different result.

Accordingly, we affirm the order of the Franklin Circuit Court affirming the Board's February 26, 2019, final order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Timothy E. Geertz
Lexington, Kentucky

BRIEF FOR APPELLEES:

Leigh A. Jordan Davis
Frankfort, Kentucky