**COMMONWEALTH of Kentucky, Movant,**

v.

**Greg E. THOMPSON, Respondent.**

Supreme Court of Kentucky.

Sept. 26, 1985.

David L. Armstrong, Atty. Gen., Frankfort, David K. Martin, Asst. Atty. Gen., for movant.

**144**

JoAnne M. Yanish, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for respondent.

GANT, Justice.

Greg E. Thompson was convicted in the Henderson Circuit Court of the offense of first-degree manslaughter as a result of the bludgeoning death of Charles Lewis, and sentenced to 15 years' imprisonment. At the date of the crime, Thompson was something less than six months under 18 years of age, so that the initial proceedings were filed in the juvenile division of the Henderson District Court. A hearing was held therein, at which Thompson was represented by counsel, and following that hearing the Juvenile Judge entered an order transferring the case to the next term of the Henderson County Grand Jury. That body indicted Thompson on the charge of murder, he was tried thereon, and the manslaughter conviction resulted.

This conviction was appealed to the Court of Appeals on the ground, among others, that Thompson was denied due process inasmuch as there was no showing in the record that the Circuit Court had jurisdiction, since the record did not contain an order from the District Court. The absence of such order was not surprising, as the designation of the record merely requested the pleadings in the case and the transcript of the evidence. Upon receipt of the briefs based upon the absence of undesignated material, the record was supplemented by the Circuit Court with the juvenile petition and the order of transfer. At this point, for the first time, the respondent raised the sufficiency of the transfer order in its reply brief. A panel of the Court of Appeals reversed the conviction on the principal holding that the transfer order was insufficient on its face to place Thompson before the Circuit Court.

At the outset of this opinion, we note there was never any objection raised in the District Court or in the Circuit Court to any portion of the juvenile proceedings, to the transfer order itself, nor was any objection made to the investigative requirements of KRS 208.140, nor to the Grand Jury instructions under KRS 208.170(5)(b). There was no motion to quash the indictment, no complaint of failure of due process; in short, there was simply no error alleged in the trial court, the ruling on which allegation of error could be the subject of meaningful review. Rather, the issue was first raised in the reply brief during the appellate process and was based entirely on a silent record, the completeness of which record was the responsibility of Thompson. *See Fanelli v. Commonwealth*, Ky., 423 S.W.2d 255 (1968); CR 75.01; CR 75.07(4).

The answer to this dilemma is clearly defined in *Anderson v. Commonwealth*, Ky., 465 S.W.2d 70 (1971), which case held that the proceedings in juvenile court were not jurisdictional matters but that any "invalidity would stem from its failure to afford due process and fair treatment ... ." The court went on to say, at page 75,

In this framework the failure of appellant, through counsel, to challenge, at least in circuit court, ' the due process adequacy of the juvenile court proceedings could well be regarded as failure to preserve the question for appellate review.

The *Anderson* court declined to apply this holding to the case before it because of "earlier opinions" which were overruled, but clearly indicated this ruling would be prospective. The utter failure to preserve any alleged inadequacies of the juvenile procedure, if any in fact existed, is fatal to raising the question on appellate review.

We also do not consider the transfer order from juvenile court to be invalid on its face. Although the panel of the Court of Appeals opined the order merely "parrots" KRS 208.170, it does much more. It addresses each of the criteria set out in the statute and states by what witnesses the elements were proved. Appellate counsel for Thompson baldly asserts that these witnesses were not competent to testify con-

cerning available facilities or prospects for rehabilitation relating to the juvenile. Whatever the source of this oracular divination, it is not in the record in this case.

This case graphically illustrates a recurring problem encountered by the appellate courts of this Commonwealth in criminal cases. When a case is tried by one attorney from its initiation to conviction and then handled by a second attorney during the appellate process, there is seldom, if ever, any communication between the two attorneys upon direct appeal. Thus, on many occasions, non-issues and "straw men" appear before us which should have been eliminated before briefing, saving countless hours for everyone. We will not engage in gratuitous speculation as urged upon us by appellate counsel, based upon a silent record. It has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court. *Cf. Commonwealth, Dept. of Highways v. Richardson*, Ky., 424 S.W.2d 601 (1968). The imagined errors in the mind of appellate counsel for Thompson are no more consistent with the record herein, or absence thereof, than the fact that trial counsel was satisfied that his client was afforded due process and fair treatment and that hence his designation of that portion of the record which was designated herein was that portion where he perceived error.

The other issues raised by Thompson before the Court of Appeals were not reached because of the opinion therein remanding the case for a new proceeding in juvenile court and possibly a new trial if transfer was granted. Thus, we reverse the Court of Appeals in all portions of its opinion relating to KRS Chapter 208, specifically the transfer order and absence of due process, and remand this case to the Court of Appeals for assignment to another panel for consideration of the unresolved issues.

All concur.