**COMMONWEALTH OF KENTUCKY,**
**Appellant,**

v.

**Michael DAVIS, Appellee.**

No. 2000–SC–0801–DG.

Supreme Court of Kentucky.

Aug. 22, 2002.

A.B. Chandler III, Attorney General of Kentucky, Ian G. Sonego, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellant.

Timothy G. Arnold, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellee.

JOHNSTONE, Justice.

At issue in this case is whether the Circuit Court had subject matter jurisdiction to try Appellee, Michael Davis, who was a juvenile at the time the underlying offenses were committed. The Court of Appeals held that the circuit court did not have jurisdiction because it concluded that the underlying transfer order from district court to circuit court was not valid. Because Davis has waived his right to challenge the validity of the transfer order, we reverse.

As stated by Judge Miller writing for the Court of Appeals, the facts of the case are as follows:

The Commonwealth moved the district court to transfer jurisdiction to the Kenton Circuit Court under KRS 635.020(3) and KRS 640.010(2). First, the Commonwealth argued that Davis was eligible for transfer pursuant to KRS 635.020(3), which provides for removal when a juvenile (1) has reached 16 years of age, (2) is charged with a Class C or D felony, and (3) has on one prior separate occasion been "convicted" as a public offender for a felony offense. It is undisputed that Davis was sixteen years of age at the time of the offense and was charged with a Class C felony. The remaining element was whether Davis had a prior felony offense within the meaning of KRS 635.020(3). Davis' record included a juvenile adjudication in 1997 for possession of marijuana while in possession of a firearm. KRS 218A.1422 and KRS 218A.992. The Commonwealth claimed that such juvenile adjudication constituted a prior felony conviction within the meaning of KRS 635.020(3). Second, the Commonwealth maintained

that Davis met the requirements for transfer to circuit court as a youthful offender pursuant to KRS 640.010(2).

The district court concluded that Davis was indeed eligible for transfer under KRS 635.020(3). The court then considered the factors of KRS 640.010(2) and determined that Davis should be transferred to the circuit court. In support thereof, the court cited these factors: (1) the child's prior record; (2) the prospects of adequate protection of the public; and (3) the likelihood of reasonable rehabilitation of the child by use of procedures, service[s] and facilities currently available to the juvenile justice system. KRS 640.010(2).

Subsequent to transfer, Davis was indicted by the Kenton County Grand Jury on the charges of first-degree trafficking in a controlled substance (KRS 218A.1412 and KRS 635.020) and tampering with physical evidence (KRS 524.100 and KRS 635.020). At a jury trial in October, 1998, he was found guilty of these charges. The circuit court sentenced Davis to thirteen years' imprisonment.

*Commonwealth v. Davis*, 1998–CA–2860–MR, 2–3 (August 25, 2000).

The Court of Appeals reversed the trial court on grounds that it did not have subject matter jurisdiction over Davis' case. This holding was based on the Court of Appeals' conclusion that the 1997 juvenile adjudication against Davis for possession of marijuana while in possession of a firearm was not an adjudication for a "felony offense" within the meaning of KRS 635.020(3). While possession of marijuana is a Class A misdemeanor, KRS 218A.1422, a conviction for possession of marijuana while in possession of a firearm is enhanced to a Class D felony under KRS 218A.992(1)(b), which provides in pertinent part:

Other provisions of law notwithstanding, any person who is convicted of any violation of this chapter who was at the time of the commission of the offense in possession of a firearm, shall ... [b]e penalized as a Class D felon if the offense would otherwise be a misdemeanor.

The Court of Appeals concluded that a juvenile adjudication was not a "conviction" within the meaning of KRS 218A.992(1) and, consequently, Davis' sentence could not be enhanced to a Class D felony under KRS 218A.992(1). Therefore, the Court of Appeals held that the trial court erred in finding that Davis was eligible for transfer to circuit court under KRS 635.020(3), because any finding that Davis had "on one (1) prior separate occasion been adjudicated a public offender for a felony offense" was clearly erroneous. And, thus, according to the Court of Appeals, the transfer order was not valid and the circuit court had no subject matter jurisdiction to try Davis. Because the Court of Appeals improperly reached the issue of the validity of the transfer order, we reverse.

As Davis concedes, the issue of whether his prior, juvenile adjudication for possession of marijuana while in possession of a firearm was not an adjudication for a "felony offense" within the meaning of KRS 635.020(3) was not raised in district court. Nor was it raised in circuit court. Rather it was raised for the first time on appeal. Thus, the issue was waived. That is, Davis waived the question of whether the transfer to circuit court was valid. Thus, the issue cannot be raised on appellate review. *See Commonwealth v. Thompson*, Ky., 697 S.W.2d 143 (1985), which holds that "the utter failure to preserve any inadequacies of the juvenile procedure ... is fatal to the question on appellate review." *Id.* at 144.

While *Thompson* indicates that a facially invalid transfer order may be challenged

for the first time on appeal, *id.*, no such argument is made here. Therefore, we hold that the Kenton Circuit Court had subject matter jurisdiction over Davis. *See Schooley v. Commonwealth*, Ky.App., 556 S.W.2d 912, 915–16 (1977) ("Circuit courts also have general jurisdiction to try juvenile felony offenders if there has been a valid transfer order . . . .").

For the reasons set forth above, we reverse the decision of the Court of Appeals and reinstate the judgment of the Kenton Circuit Court.

All concur.