# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: FEBRUARY 16, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0504-MR

KERAM CHRISTENSEN                                              APPELLANT

V.
ON APPEAL FROM KENTON CIRCUIT COURT
HONORABLE GREGORY M. BARTLETT, JUDGE
NO. 19-CR-01444

COMMONWEALTH OF KENTUCKY                                       APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

After the Kenton Circuit Court denied his motion to suppress, Keram Christensen entered a conditional guilty plea to 313 counts of possessing matter portraying a sexual performance by a minor, eight counts of distributing matter portraying a sexual performance by a minor, one count of promoting a sexual performance by a minor (victim under 18), one count of promoting a sexual performance by a minor (victim under 16), and one count of using an electronic communications system to induce or procure a minor to commit a sexual offense. He was sentenced to seventy years' imprisonment and now appeals as a matter of right,[1] challenging the denial of his suppression motion. Following a careful review of the record, the briefs, and the law, we affirm.

---

[1] Ky. Const. §110(2)(b).

On August 20, 2019, Detective Austin Ross of the Covington Police Department received a Cyber Tipline Report from the National Center for Missing and Exploited Children (NCMEC) that a user of the online dating website Match.com had recently posted information potentially expressing a sexual interest in children. In particular, the user's biography described himself as:

> Quirky Bisexual Nudist. [MAP 4-10]. Seeking friends and dates, spend the evening together. I like baseball, hockey, NASCAR, basketball. Also like travel and the performing arts, or just staying in and cuddling to a good show. When I say I want kids, I mean it.

The user was identified as "Zack" from Covington, Kentucky, and the email address associated with the account was "pedozack82@gmail.com." Detective Ross was able to obtain the subscriber information associated with the email address and traced it to a physical address in Covington which was Christensen's residence.

The following day, Detective Ross applied for and was granted a warrant authorizing a search of Christensen's house. In his supporting affidavit, Detective Ross stated he had received Cyber Tipline Report #53508390 from the NCMEC following a report from Match.com of a user identifying himself as "MAP 4-10" which indicated activity involving child pornography and other internet crimes against children. The affidavit further stated:

> Based upon affiant's training, experience and investigation, affiant recognizes "MAP" to mean "minor attracted person" or "minor attracted pedophile" who is seeking children between the ages of four and ten years of age.

> Based up (sic) affiant's training and experience affiant knows that offenders who target children through electronic means use a

2

variety of electronic platforms and services to do so, and that the likelihood of a victim being present from another platform exists. Affiant also knows through training and experience that offenders seeking these services also seek others that will provide access to minors for the purpose of sexual performances and/or acts through these platforms.

Detective Ross indicated the warrant was necessary to further his investigation of the online enticement of children for sexual purposes. The affidavit sought permission to search the residence for multiple items, including electronic devices, but did not seek authority to search the devices themselves.[2]

Upon execution of the search warrant, Detective Ross found, among other items, a cell phone with a background photo depicting two underage boys engaging in oral sex; a necklace with the word "Pedo" on it; a photograph of a young boy wearing a "Speedo" bathing suit; a journal containing 63 images portraying sexual performances by minors; a compact disc with a photograph of a young child engaging in oral sex located inside the front cover; and multiple signs containing Christensen's photograph superimposed with messages referencing his status as a pedophile. Based on this evidence and the results of the investigation by Detective Ross, Christensen was indicted on October 17, 2019, on 65 counts of possession of matter portraying a sexual performance by a minor and one count of distribution of matter portraying a

---

[2] Additional search warrants were subsequently issued authorizing the search of Christensen's computer and other electronic devices. No challenge has been raised relative to those warrants.

sexual performance by a minor. He would later be indicted on 248 additional counts of possession of matter portraying a sexual performance by a minor; seven additional counts of distribution of matter portraying a sexual performance by a minor; and one count each of promoting a sexual performance by a minor (victim under 18), promoting a sexual performance by a minor (victim under 16), and use of an electronic communications system to induce or procure a minor to commit a sexual offense. These additional charges arose following a search of Christensen's electronic devices.

On July 8, 2020, Christensen moved to suppress the evidence seized from his residence, alleging the search warrant was unsupported by probable cause, his Match.com profile constituted protected speech, and Detective Ross recklessly misled the trial judge by excluding much of the Match.com profile information from the affidavit filed in support of the search warrant. The Commonwealth opposed suppression, arguing the warrant was supported by probable cause, the search of Christensen's electronic devices was intended to obtain possible evidence of the online enticement of children, the *Leon*[3] good-faith exception applied, and Christensen had affirmatively waived any argument the issuing judge had been presented with false or misleading facts. The trial court denied Christensen's motion by written order entered on July 15, 2021. [4]

---

[3] *United States v. Leon*, 468 U.S. 897, 922 (1984).

[4] It is unclear whether an evidentiary hearing was conducted on Christensen's motion as required by RCr 8.27(2). The trial court's order indicates it had heard the arguments of the parties but does not reference a hearing date. Christensen makes no

The trial court concluded the warrant had been properly issued in furtherance of an investigation into Christensen's potential online enticement of children and, based on the information contained in the NCMEC tip and the totality of the circumstances, a fair probability existed that contraband or evidence of a crime would be located in Christensen's residence, thereby providing adequate probable cause for issuance of the search warrant. Christensen entered a conditional guilty plea to all 324 felony charges and was sentenced to an aggregate term of seventy years' imprisonment. This appeal followed.

Christensen argues the trial court erred in denying his suppression motion, asserting the search warrant was unsupported by probable cause and

mention of a hearing. The Commonwealth indicates a hearing may have occurred, citing a reference to same in its response to the motion. However, the opening paragraphs of the same response request a summary denial of the motion without a hearing, and alternatively requests a hearing should the trial court decide to take up certain issues raised in Christensen's motion. Nevertheless, Christensen has not claimed error related to any potential failure of the trial court to comply with the mandates of RCr 8.27(2). Thus, we are constrained to hold he has waived any assertion of error related to the issue and decline to rule sua sponte that the trial court failed to conduct an evidentiary hearing. "[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties." *Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (R. Arnold, J., concurring in result of reh'g en banc)). *See also Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky. 1991) (holding the Supreme Court confines its rulings to those issues presented by the parties). Further, no hearing is included in the record before this Court and we must assume any omitted record supports the decision of the trial court. *Commonwealth v. Thompson*, 697 S.W.2d. 143, 145 (Ky. 1985).

5

that the trial court did not consider and analyze the case law cited in his suppression motion.[5]  We reject both assertions.

We utilize a two-step process when reviewing rulings on motions to suppress.

> First, we review the trial court's findings of fact under the clearly erroneous standard.  Under this standard, the trial court's findings of fact will be conclusive if they are supported by substantial evidence.  Second, we review de novo the trial court's application of the law to the facts.

*Rhoton v. Commonwealth*, 610 S.W.3d 273, 275-76 (Ky. 2020).  Substantial evidence is "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men."  *Commonwealth v. Jennings*, 490 S.W.3d 339, 346 (Ky. 2016) (quoting *Owens-Corning Fiberglas v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998)).  When undertaking our review, we take care "to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."  *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

---

[5]  In his brief to this Court, Christensen makes a passing reference to Detective Ross recklessly misleading the warrant-issuing judge by omitting certain facts from the affidavit in support of the warrant.  However, as the Commonwealth correctly notes, Christensen affirmatively waived any argument related to this issue before the trial court.  Thus, to the extent he is attempting to do so, Christensen is precluded from raising the matter before this Court.  "A defendant cannot complain on appeal of alleged errors invited or induced by himself[.]"  *Gray v. Commonwealth*, 203 S.W.3d 679, 686 (Ky. 2006) (quoting *United States v. Lewis*, 524 F.2d. 991, 992 (5th Cir. 1975)).  "Generally, a party is estopped from asserting an invited error on appeal."  *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 37 (Ky. 2011) (citing *Gray*, 203 S.W.3d at 686).  Otherwise, a party would be permitted "to take advantage of an error produced by his own act."  *Wright v. Jackson*, 329 S.W.2d 560, 562 (Ky. 1959); *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017) ("Challenges to such invited errors are forfeited.").

Christensen first contends suppression was warranted in this case because the search warrant was unsupported by probable cause. In support, Christensen asserts no substantial basis was provided to the warrant-issuing judge from which to conclude he possessed or distributed child pornography, ever communicated with another user with intent to commit a sexual offense, nor engaged in any online sexual conversation. He asserts Detective Ross had nothing more than a bare suspicion that criminal evidence would be located during the execution of any search warrant and thus the application for a warrant should have been denied. Further, he argues the language used in his Match.com profile and the email address of "pedozack82@gmail.com" constituted protected free speech and therefore could not support a finding of probable cause necessary for issuance of a search warrant. We disagree.

When reviewing the propriety of the issuance of a search warrant, great deference is afforded to the warrant-issuing judge's findings regarding probable cause. Reversal is necessitated only if the trial court arbitrarily exercised its discretion. *Moore v. Commonwealth,* 159 S.W.3d 325, 329 (Ky. 2005). Technical requirements for warrants and any supporting affidavits have largely been cast aside. Indeed, the Supreme Court of the United States has held the "[t]echnical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area." *Illinois v. Gates,* 462 U.S. 213, 235 (1983) (quoting *United States v. Ventresca,* 380 U.S. 102, 108 (1965)). The law is clear: "the Fourth Amendment's requirement of probable cause for the issuance of a search warrant is to be applied, not according to a fixed and rigid

7

formula, but rather in light of the 'totality of the circumstances' made known to the magistrate." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). That is the only standard for reviewing the issuance of a search warrant. *See Commonwealth v. Pride*, 302 S.W.3d 43, 47 (Ky. 2010) (holding the standard for reviewing issuance of search warrant is provided by *Gates*).

> Courts should review the sufficiency of an affidavit underlying a search warrant in a commonsense, rather than hypertechnical, manner. The traditional standard for reviewing an issuing judge's finding of probable cause has been that so long as the magistrate had a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing, the Fourth Amendment requires no more.
>
> Whether probable cause exists is determined by examining the totality of the circumstances. Furthermore, the test for probable cause is whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. Probable cause does not require certainty that a crime has been committed or that evidence will be present in the place to be searched.

*Moore v. Commonwealth*, 159 S.W.3d 325, 329 (Ky. 2005) (citations omitted).

Furthermore, as stated in *Gates:*

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Id.* at 238-39 (citation omitted).[6]

---

[6] *Gates'* totality-of-the-circumstances approach was adopted by this Court in *Beemer v. Commonwealth*, 665 S.W.2d 912, 915 (Ky. 1984).

Christensen asserts the warrant-issuing judge was not presented with particularized facts or a substantial basis on which to conclude he had committed a crime, nor that Detective Ross had anything more than a bare suspicion that evidence of a crime would be uncovered during the execution of any search warrant. Thus, he contends the finding of probable cause was unsupported and urges reversal.

Probable cause does not, as Christensen asserts, require certainty of an actual crime being committed or that evidence of criminal acts or contraband will be located during a search pursuant to an issued warrant. *Moore*, 159 S.W.3d at 329. Rather, so long as the totality of the circumstances present a fair probability such evidence will be uncovered based on the information provided in the supporting affidavit, the warrant-issuing judge's determination of probable cause will not be disturbed. Such circumstances are present here.

Christensen made an online post indicating his interest and desire to obtain a child with whom he could perform sexually explicit and illegal conduct which resulted in the issuance of the NCMEC Cyber Tipline report[7] received by Detective Ross. In his affidavit seeking the search warrant, Detective Ross indicated that through his training and experience the term "MAP 4-10" was indicative of a person identifying themselves as a pedophile attracted to children between 4 and 10 years of age. He further indicated evidence was likely to be uncovered regarding multiple victims as offenders targeting minors

---

[7] No challenge is levied against the veracity or soundness of the contents of the NCMEC report.

routinely use a variety of digital platforms to attempt to lure their prey. Taking a commonsense view of the totality of the circumstances viewed through the lens of common sense, while also affording the great deference due to the fact-finding judge, we hold the warrant-issuing judge had a sufficient basis to determine a fair probability existed that contraband or evidence of a crime would be located at Christensen's home. The facts presented would convince a reasonably prudent person to think that a search would reveal contraband or evidence of a crime. For these reasons, we cannot say the finding of probable cause was arbitrary and will thus not disturb that determination. *Moore*, 159 S.W.3d at 329.

Christensen further goes to great lengths in an attempt to cast his online postings and email address as nothing more than pure speech, protected by the First Amendment to the United States Constitution. Citing numerous federal decisions, he argues his Match.com post could not form the basis for probable cause in support of a search warrant. In so arguing, Christensen fails to recognize that speech attempting to arrange sexual abuse of a child is not constitutionally protected. His First Amendment challenge requires little discussion as it is patently without merit.

The Commonwealth clearly has a compelling interest in protecting minors from being lured to engage in sexual acts or to be sexually abused and speech intended to further such objectives certainly does not enjoy constitutional protection. To argue otherwise ignores the rule that "[o]ffers to engage in illegal transactions are categorically excluded from First Amendment

10

protection." *United States v. Williams*, 553 U.S. 285, 297 (2008) (citations omitted). "Speech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime." *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004). "Put another way, the defendant simply does not have a First Amendment right to attempt to persuade minors to engage in illegal sex acts." *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000). "Speech intended deliberately to encourage minors' participation in criminal sexual conduct has no redeeming social value and surely can be outlawed. . . . And where . . . speech is the instrumentality of the crime itself, the First Amendment provides no shelter from the government's exercise of its otherwise valid police powers." *United States v. Dwinells*, 508 F.3d 63, 71 (1st Cir. 2007) (citations omitted).

The Kentucky legislature has criminalized using the internet with the intent of procuring or inducing a minor for purposes of committing a sexual offense. KRS[8] 510.155. By extending criminal liability to someone who knowingly attempts to commit such an act or engage in such conduct, the General Assembly proscribed speech integral to that criminal conduct and "categorically excluded [such speech] from First Amendment protection." *Williams*, 553 U.S. at 297. Christensen is therefore not entitled to First Amendment protection and his argument against issuance of the search warrant on this basis is without merit.

---

[8] Kentucky Revised Statutes.

11

Finally, Christensen asserts the trial court failed to address or analyze the case law he cited in support of his suppression motion. Although the trial court's order denying the suppression motion is brief, there is no indication the trial court abdicated its duty to fully apprise itself of the relevant facts and law prior to reaching its decision. We are aware of no rule which requires a trial court to specifically address each and every case cited by a party in ruling on a motion and Christensen points us to no such authority. While reciting and discussing many of the same cases before this Court as he did below, Christensen offers nothing other than his own allegations, bare speculation, and conjecture as to what the trial court did—or did not—consider in making its ruling. Appellate courts will not research and construct a party's underdeveloped legal argument. *See Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). Arguments based solely on conjecture are plainly unpersuasive; as we have previously stated, "[w]e will not engage in gratuitous speculation . . . based upon a silent record." *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985). Without more, we cannot say the trial court erred in its evaluation of the facts and issues presented before denying Christensen's suppression motion.

For the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed.

All sitting. VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ., concur. Thompson, J., concurs in result only.

12

COUNSEL FOR APPELLANT:

Chase Cox


COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General

Courtney J. Hightower
Assistant Attorney General