RENDERED:  SEPTEMBER 1, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0808-MR

EDWARD WILSON APPELLANT

v.

APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 16-CI-01116

KENTUCKY RETIREMENT
SYSTEMS AND BOARD OF
TRUSTEES OF KENTUCKY
RETIREMENT SYSTEMS[1] APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, McNEILL, AND TAYLOR, JUDGES.

---

[1] The Kentucky Public Pensions Authority was created by the Kentucky General Assembly, effective April 1, 2021.  It performs the administrative duties previously performed by Kentucky Retirement Systems.  Kentucky Revised Statute (KRS) 61.505. Kentucky Retirement Systems through its Board of Trustees remains the agency responsible for administering the Kentucky Employees Retirement System.  KRS 61.645. Edward Wilson was last employed by a participating employer in 2012, which is also the year he retired.  Because his employment and retirement predate the creation of the Kentucky Public Pensions Authority, Kentucky Retirement Systems is the correct party to this action.

TAYLOR, JUDGE:  Edward Wilson appeals from a May 26, 2022, Order of the

Franklin Circuit Court which affirmed the final order of the Board of Directors of

Kentucky Retirement Systems (KYRS),[2] denying Wilson's application for

disability retirement benefits as being untimely filed.  We affirm.

Wilson worked as a staff attorney for the Cabinet for Health and

Family Services (Cabinet).  His last day of paid employment was April 19, 2012.

The record on appeal shows he was subsequently on unpaid leave until May 15,

2012, when the Cabinet terminated his employment.  Wilson appealed his

termination to the Kentucky Personnel Board and eventually entered into a

settlement agreement with the Cabinet in September of 2013.  The settlement

agreement did not address Wilson's last day of paid employment, but did provide,

in relevant part, that Wilson agreed to voluntarily retire, with prejudice, from his

position with the Cabinet, effective May 16, 2012.[3]  KYRS was not a party to the

settlement agreement between Wilson and the Cabinet.

On May 16, 2014, Wilson submitted to KYRS an application for

disability retirement benefits, claiming numerous disabilities beginning in April

2012.  He indicated his last day of paid employment was May 16, 2012.  However,

---

[2] We refer to Kentucky Retirement Systems and the Board of Directors of Kentucky Retirement Systems collectively as KYRS.

[3] The administrative record before us shows that, in August 2013, Wilson's attorney was advised by a KYRS employee that **any unpaid leave would not count towards credible compensation** for the purpose of Wilson receiving credit for twenty years of service.

KYRS, through information and records obtained from the Cabinet, determined his last day of paid employment was actually April 19, 2012. Wilson's application was subsequently rejected because it was not filed within two years of his last day of paid employment. KRS 61.600(1)(c). Wilson requested a formal administrative hearing before KYRS, claiming his last day of paid employment was May 16, 2012, as provided in his settlement agreement with the Cabinet.[4] The Cabinet was not a party to the subsequent proceedings before KYRS.

The administrative hearing was conducted on April 29, 2016. Prior to the hearing, Wilson filed a witness list that included his attorney, John Gray, as a witness who had negotiated his settlement with the Cabinet.[5] Attorney Gray was not only representing Wilson before KYRS, but also in various actions before the Personnel Board regarding his termination. In the witness list, Wilson stated his counsel "will testify regarding his knowledge of the circumstances surrounding [Wilson's] retirement from [the Cabinet]." April 8, 2015, Witness List, Administrative Order at 132. KYRS objected to Wilson's attorney testifying at the

---

[4] At the same time Wilson requested a formal hearing before KYRS, he also appealed to the Personnel Board and argued that the Cabinet for Health and Family Services (Cabinet) was not abiding by the terms of the settlement agreement that provided his last date of employment was May 16, 2012. The Kentucky Personnel Board entered a final order dismissing the action for lack of jurisdiction on December 17, 2014. Wilson did not seek judicial review of that order in the circuit court; therefore, it is not relevant to this appeal.

[5] Wilson's witness list in the administrative proceeding was filed April 8, 2015. Administrative Record at 132.

hearing. The hearing officer ruled Wilson's counsel could not testify as a fact witness, finding that "[a]llowing [Wilson's] counsel to act as witness is fraught with too many complications and opportunities for prejudice. [Wilson's counsel] has not shown a need of [Wilson] that outweighs these complications and opportunities for prejudice to the process." May 14, 2015, Order, Administrative Record at 145.

As noted, the administrative hearing was held on April 29, 2016. Wilson and Bobbi King, a KYRS retirement counselor, testified at the hearing. Wilson testified his retirement stemmed from a disabling injury he sustained when he slipped and fell at work in 2012. He also testified regarding his understanding of the settlement agreement and his last day of paid employment, which he claimed was May 16, 2012. However, Wilson's testimony was not supported by the administrative record. In the subsequent Findings of Fact, Conclusions of Law, and Recommended Order rendered on August 16, 2016, the hearing officer found that:

> [Wilson's] credibility is **not good**. [Wilson] has been through a prolonged period of settling his retirement matters stemming from when he left his employment with [the Cabinet] in 2012. It appears from the Administrative Record in this action, that there has been a lot of controversy and time spent by [Wilson], [the Cabinet], the Personnel Board and [KYRS] about [Wilson's] end of employment and retirement from [the Cabinet]. The evidence of record in this case hints at many reasons for this controversy, but the Hearing

Officer does not use these reasons and/or controversies in making her finding in this Recommended Order. However, the Hearing Officer's [sic] has considered some of the evidence in the record in the assessment of [Wilson's] credibility. At the hearing, [Wilson] appeared generally sincere, but his testimony conflicts with or is not supported by the administrative record. The Hearing Officer found it suspicious that [Wilson] testified that **only his attorney** discussed [Wilson] filing for disability benefits with [the Cabinet]. [Wilson] appeared to avoid saying that he discussed disability benefits directly with his employer. There was nothing in the administrative record regarding this April 2012 injury. When asked at the hearing if the Settlement Agreement evidenced [the Cabinet's] intention for [Wilson] to file for disability benefits, [Wilson] referred to Section 2 of the Agreement and said that it was reasonable to infer that the Cabinet intended to allow [him] to apply for disability benefits. However, there is no explicit reference to disability benefits in the Agreement. [6]

Administrative Record at 216-17. (Excerpt from Findings of Fact, Conclusions of Law, and Recommended Order.) The hearing officer recommended upholding the denial of Wilson's disability claim.

Ultimately, KYRS issued a final order on September 19, 2016, adopting the hearing officer's recommended order which denied Wilson's appeal of KYRS's decision not to accept his untimely application for disability benefits. Wilson then filed a petition for review and appeal in the Franklin Circuit Court. In

---

[6] Indeed, the administrative record points to numerous accusations of lack of good behavior and unsatisfactory performance of duties as the reasons for Wilson's termination from the Cabinet, and does not contain any evidence of Wilson's claimed disability.

its May 26, 2022, order, the circuit court affirmed the decision set forth in KYRS's order. This appeal followed.

When reviewing a decision of KYRS on appeal:

[If] the decision of the fact-finder [*i.e.*, KYRS] is in favor of the party with the burden of proof or persuasion [*i.e.*, Wilson], the issue on appeal is whether the agency's decision is supported by substantial evidence, which is defined as evidence of substance and consequence when taken alone or in light of all the evidence that is sufficient to induce conviction in the minds of reasonable people.

*McManus v. Kentucky Retirement Systems*, 124 S.W.3d 454, 458 (Ky. App. 2003) (citations omitted).

Further, "[w]here the fact-finder's decision is to deny relief to the party with the burden of proof or persuasion, the issue on appeal is whether the evidence in that party's favor is so compelling that no reasonable person could have failed to be persuaded by it." *Id.* at 458 (citations omitted). Effectively, *McManus* provides a two-part test. First, we must determine whether KYRS's decision was supported by substantial evidence; and second, whether Wilson presented evidence so compelling that no reasonable person would fail to be persuaded by it. *Id.*

The sole issue raised by Wilson on appeal to this Court is his assertion that his counsel should have been permitted to testify at the administrative hearing regarding the terms of his settlement agreement with the

-6-

Cabinet, which resulted in violation of his "inviolable contract rights as to his retirement." Wilson's Brief at 5. The only issue raised at the administrative hearing was the timeliness of Wilson's application for disability benefits with KYRS. Administrative Record at 194-95.

Wilson argues on appeal that because counsel was not permitted to testify, the hearing officer relied on "misinformation regarding [Wilson's] last date of paid employment." Wilson's Brief at 2. Wilson specifically refers to the testimony of Bobbi King, KYRS Retirement Counselor, as the source of said "misinformation." King was the only witness called by KYRS at the hearing. However, we note the administrative hearing tape appears in the record before us only in part, as it does not contain the testimony of Bobbi King.[7] It is well-established that "when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court." *Com. v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985). Accordingly, we must assume King's testimony supports the findings of the hearing officer and KYRS.

However, regardless of the incomplete hearing record before us, we will nonetheless address Wilson's argument on appeal. The Kentucky Rules of Professional Conduct for attorneys licensed in Kentucky are clear that an attorney

---

[7] The hearing tape from the administrative hearing included in the record on appeal only includes counsel's opening statement and Wilson's sworn testimony. Bobbi King's testimony is not on the hearing tape.

cannot act as both witness and advocate in the same proceeding unless certain enumerated exceptions apply. Kentucky Supreme Court Rule (SCR) 3.130(3.7). The rule states, in relevant part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

SCR 3.130(3.7).

SCR 3.130 *et seq.* sets forth mandatory rules of conduct for all Kentucky lawyers. *Holt v. Commonwealth*, 219 S.W.3d 731, 732 (Ky. 2007). None of the exceptions stated in the rule applies in this case. Wilson argues his counsel would have testified that the intention of the settlement agreement between Wilson and the Cabinet was to both avoid a hearing before the Personnel Board and ensure Wilson could apply for disability benefits. However, Wilson's last day of paid employment was the basis for determining his eligibility for disability benefits at the administrative hearing. To the extent that counsel intended to testify to this date with respect to the contents of the settlement agreement, his testimony was prohibited by SCR 3.130(3.7). We would also again emphasize that KYRS

was not a party to the settlement agreement and is bound by KRS Chapter 61 in administering the state employee retirement program.

Additionally, the administrative proceeding before KYRS was active for almost two years prior to the administrative hearing. If Wilson and his counsel deemed counsel's testimony vital, Wilson had ample time to find a substitute counsel for the hearing to allow attorney Gray to be called as a witness. Regardless, Wilson was able to offer testimony regarding his understanding of the separation agreement and how he believed it pertained to his last day of paid employment. Although he claimed otherwise in his testimony, Wilson's experience as a licensed attorney for approximately 30 years afforded him a level of sophistication related to understanding both the terms of the settlement agreement and the relevant statutes pertaining to his last day of paid employment. And, the hearing officer found Wilson's testimony was not credible on this issue.[8]

KRS 61.600(1)(c) requires a claimant's "application shall be on file in the retirement office no later than twenty-four (24) months after the person's last day of paid employment, as defined in KRS 61.510, in a regular full-time position, as defined in KRS 61.510[.]" KRS 61.510(32) defines the last day of paid employment as:

---

[8] Additionally, the administrative record before us shows that, in February 2013, Wilson was advised by a KYRS employee that he should not wait to submit his application for disability benefits, even while the appeal of his termination before the Personnel Board was pending.

[T]he last date employer and employee contributions are required to be reported in accordance with KRS 16.543, 61.543, or 78.615 to the retirement office in order for the employee to receive current service credit for the month. Last day of paid employment does not mean a date the employee receives payment for accrued leave, whether by lump sum or otherwise, if that date occurs twenty-four (24) or more months after previous contributions[.]

The evidence contained in the administrative record on appeal shows Wilson's last date of paid employment was April 19, 2012. His application for disability benefits, filed on May 16, 2014, was untimely under the statute. The settlement agreement with the Cabinet only references Wilson's date of retirement and makes no reference to his disability claim. Wilson cites no facts or law that indicate his retirement date is synonymous with his last day of paid employment. Per statute, the last day of paid employment, *not* the date of retirement, is used by KYRS to establish the 24-month limitation to apply for disability retirement benefits. KRS 61.510(32).

In summation, Wilson's argument does not satisfy the two-part *McManus* test because (1) KYRS's decision is supported by substantial evidence; and (2) Wilson failed to put forth any credible evidence "so compelling that no reasonable person could have failed to be persuaded by it." *McManus*, 124 S.W.3d at 458. Wilson thus failed to file his disability claim no later than 24 months after his last day of paid employment as required by KRS 61.600(1)(c).

Any other arguments raised by Wilson are moot or without merit.

Accordingly, the Order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John H. Gray
Frankfort, Kentucky

BRIEF FOR APPELLEES:

Nathan W. Goodrich
Frankfort, Kentucky