RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0514-MR

CARRINGTON MORTGAGE
SERVICES, LLC                                                    APPELLANT


APPEAL FROM POWELL CIRCUIT COURT
v.        HONORABLE LISA HAYDEN WHISMAN, JUDGE
ACTION NO. 16-CI-00195


RED RIVER DEVELOPMENT LLC;
TONY G. MORTON, MEMBER,
SUCCESSFUL BIDDER AT MASTER
COMMISSIONER'S SALE; TONY G.
MORTON, MEMBER, RED RIVER
DEVELOPMENT, LLC; ROSE
ARNETT; CHRIS ARNETT;
CENTRAL KENTUCKY
MANAGEMENT SERVICES, INC., A
KENTUCKY CORPORATION;
ASSIGNEE OF UK MEDICAL
CENTER & ASSIGNEE OF KY
MEDICAL SERVICES
FOUNDATION, INC.; AND MONICA
S. LACY, MASTER COMMISSIONER                          APPELLEES

AND                    NO. 2022-CA-0516-MR


CARRINGTON MORTGAGE
SERVICES, LLC                                             APPELLANT


                    APPEAL FROM POWELL CIRCUIT COURT
v.           HONORABLE LISA HAYDEN WHISMAN, JUDGE
                         ACTION NO. 16-CI-00195


RED RIVER DEVELOPMENT LLC;
TONY G. MORTON, MEMBER,
SUCCESSFUL BIDDER AT MASTER
COMMISSIONER'S SALE; TONY G.
MORTON, MEMBER, RED RIVER
DEVELOPMENT, LLC; ROSE
ARNETT; CHRIS ARNETT;
CENTRAL KENTUCKY
MANAGEMENT SERVICES, INC., A
KENTUCKY CORPORATION;
ASSIGNEE OF UK MEDICAL
CENTER & ASSIGNEE OF KY
MEDICAL SERVICES
FOUNDATION, INC.; AND MONICA
S. LACY, MASTER COMMISSIONER                             APPELLEES


                            OPINION
                           AFFIRMING

                       ** ** ** ** **

BEFORE:  ACREE, DIXON,[1] AND JONES, JUDGES.

---

[1] Judge Donna Dixon concurred in the Opinion prior to her retirement effective November 20, 2023.  Release of this Opinion was delayed by administrative handling.

JONES, JUDGE:  The Appellant, Carrington Mortgage Services, LLC

("Carrington"), appeals two orders arising out of a foreclosure action and judicial

sale at which the Appellee, Red River Development LLC ("Red River"), purchased

a piece of real property for $1.00.  On appeal, Carrington asserts that the Powell

Circuit Court erred when it overruled Carrington's objection and approved the sale.

Having reviewed the record, we can discern no basis upon which to reverse.

The circuit court correctly applied the law, which required consideration of all the

attendant circumstances, not just the sales price.  Because the circuit court did not

abuse its discretion, we affirm.

## I. BACKGROUND

Carrington loaned $82,314.00 to Chris Arnett as set forth in a

promissory note he executed on April 3, 2007.  The loan was secured by a

mortgage on real property located at 411 Adams Ridge Road in Clay City,

Kentucky, and owned by Chris and his wife, Rose.  On October 19, 2016,

Carrington filed a complaint in Powell Circuit Court against Chris, Rose, and

Central Kentucky Management Services, Inc.[2]  Carrington alleged that Chris was

in default and sought to enforce the promissory note and mortgage.  As of the date

---

[2]  Central Kentucky Management was joined as a defendant on the basis that it had filed a
judgment lien on the same property in October 2011.

of the complaint, Carrington alleged that Chris owed it $71,426.09 plus interest, fees, and costs.

Rose was served by a sheriff's deputy on December 3, 2016. Chris proved exceedingly more difficult to locate, but he was ultimately served via a warning order attorney on June 21, 2017. For reasons that are not relevant to this appeal, the proceedings dragged on for some time. On November 3, 2021, the circuit court entered an In Rem Final Judgment and Order of Sale.[3] The circuit court then directed the Powell County Master Commissioner to sell 411 Adams Ridge Road pursuant to KRS[4] 426.205.

The Master Commissioner appointed Gary Hall and H.T. Derickson, III to appraise the property. Following their inspection, the appraisers filed a joint report assigning the property a fair market value of $60,000.00. The sale was first noticed to take place at 5:00 p.m. on November 29, 2021, at the Powell County Courthouse, outside the Front Entrance, Courthouse Door, Stanton, Kentucky. Upon Carrington's request, this sale was canceled and later re-noticed for February 21, 2022. The Master Commissioner served the notice for the upcoming sale on February 1, 2022, and the sale was duly advertised on February 10, 2022, as to the

---

[3] The judgment is in the amount of $95,781.26 plus interest at the rate of 6.5% per annum from July 3, 2019, plus costs and attorneys' fees.

[4] Kentucky Revised Statutes.

time, place, and terms of sale, together with a description of the property to be sold.

Pursuant to the notice, the Master Commissioner called for bids outside the Powell County Courthouse at 5:00 p.m. on February 21, 2022. Tony Morton bid $1.00 on behalf of Red River. After receiving no other bids, the Master Commissioner concluded the sale. The following day, February 22, 2022, the Master Commissioner filed a report of sale confirming that Red River became the purchaser of the property having submitted "the highest and best bid in the amount of $1.00." (Record ("R.") at 268.) The report further confirmed that, because the bid was not more than two-thirds of the appraised value, Red River's purchase was subject to the right of redemption. That same day, Red River filed an acknowledgment of successful bidder confirming it was the successful bidder of the property for the price of $1.00. The parties to the underlying action were sent a notice advising that they had ten days from February 22, 2022, to serve written objections to the Commissioner's report.

On March 3, 2022, Carrington timely filed its exceptions to the Master Commissioner's report along with a motion to vacate the sale. Carrington explained that it had instructed its local counsel, Attorney Emmett Daniel Clifford, to attend the sale and bid on Carrington's behalf but that Attorney Clifford was faced with several unforeseen problems that resulted in him arriving a minute after

the time of the sale, and by that time the Master Commissioner had already declared Red River to be the highest bidder. Carrington argued that the grossly inadequate sales price, coupled with the "irregularities in the proceedings" faced by its counsel on the day of the sale, justified sustaining its exceptions and setting aside the sale.

Carrington filed Attorney Clifford's affidavit in support of its motion. Therein, Attorney Clifford explained what occurred on the day of the sale as follows:

> 1) I am attorney Emmett Daniel Clifford. I attended the [M]aster Commissioner sale of the Chris Arnett property on February 21, 2022, in Stanton, Kentucky.
>
> 2) I left Cynthiana with sufficient time to attend the sale, which is about an hour and 10 minutes. I had made the trip previously on several occasions.
>
> 3) I called Master Commissioner Monica Lacy at 4:12 p.m. on her cell phone and left a voice mail that I would attend the sale. I generally have the cell phone numbers of all master commissioners.
>
> 4) I was delayed in Paris on US 460 with road construction work. However, I still had time to arrive in Stanton at the proper time.
>
> 5) Because I was familiar with the location of the Powell County Courthouse so [sic] I did not have on my GPS.
>
> 6) When I arrived in Stanton, I began to make a left turn after the Mexican restaurant, which was always my landmark. The restaurant apparently had burned up and was unrecognizable, so I was not sure of the proper turn.

7) As I recall I turned left at the next road or perhaps the next one after that. Another building, a blue one, and also a landmark, also had been razed, which was confusing.

8) A track hoe was working in the middle of the road, so I turned around and went back out to the highway, turned left and attempted to a make a left to the courthouse by another method, I turned on my GPS (rather than to guess the roads), which created a delay, and it told me that my chosen new route was not the way to the courthouse so I went back around to where the track hoe was working, which I now know is Court Street, and after delaying for a few seconds drove around the operating track hoe.

9) Presumably the track hoe operator, unless he or she was putting in some overtime, would still be working at 5 o'clock.

10) I parked my car at the courthouse and hurried over to [M]aster Commissioner Monica Lacy. My cell phone said 5:01. I was informed that the sale was over, and that Ms. Lacy had recorded it.

11) Ms. Lacy said she either had not received my call or did not have a signal, but I do not recall which.

12) I am quite sure the track hoe blockage in Stanton delayed me by several minutes.

(R. at 280-81.)

Following a hearing, the circuit court entered an order overruling

Carrington's exceptions and denying its motion to set aside the sale.[5]  The order

states:

> In the case at hand, we are dealing with a piece of
> property that has an appraised value of $60,000 that was
> sold for $1.00.  The Court finds no irregularities occurred
> in the sale process.  In fact, counsel admitted in argument
> that they saw no irregularities on how the sale was
> conducted.  Counsel who was retained to attend the sale
> testified he was delayed by various traffic/road
> construction issues and his prior stated "landmarks" for
> directions were no longer in place.  He was driving from
> Cynthiana and did not arrive [until] after the stated sale
> time of 5:00 p.m.  Even though his arrival time was only
> a few minutes afterwards, the sale had already been
> completed and recorded by the Master Commissioner.
> Although it is unfortunate for the Plaintiffs and Hon.
> Clifford start times must mean something.  If not, the
> Master Commissioner would never have finality in sales.
>
> In his affidavit, Hon. Clifford indicated that he called the
> Master Commissioner on her cell phone; however, the
> Master Commissioner stated during arguments that the
> call was on her office number, and she did not receive the
> message until the next day as she had not been in her
> office.  The message indicated that Hon. Clifford was on
> his way.  However, this Court does not find any
> responsibility or requirement placed on the Master
> Commissioner to delay sales beyond the stated time even
> if she had received this message timely.

---

[5]  Based on the circuit court's order, it appears that the court held a hearing at which it heard from the parties including Attorney Clifford and the Master Commissioner; however, the record certified by the Powell Circuit Court does not include a DVD recording of the hearing.  "It is incumbent upon Appellant to present the Court with a complete record for review."  *Chestnut v. Commonwealth*, 250 S.W.3d 288, 303 (Ky. 2008).  When the record is incomplete, this Court must assume that the omitted record supports the trial court.  *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985).

The Court further finds there is no indication of fraud or misdoings on any of the parties. Mr. Morton did what any good businessman would do. He showed up and bid. Although there is a discrepancy between the appraisal value and bid value; this Court does not find it is of such a difference that "shocks the conscience."

For the reasons stated above, the Plaintiff's motion to vacate the sale is HEREBY OVERRULED and IT IS HEREBY ORDERED THAT THE SALE FROM FEBRUARY 21, 2021 [SIC] is AFFIRMED. This is a final Judgment and there is no reason to delay its entry of execution.

(R. 293-94.) On April 20, 2022, the circuit court entered an Order Confirming Report of Sale, Approval of Deed and Order for Delivery of Deed.

Carrington filed separate notices of appeal for each order, which generated two separate appellate actions, No. 2022-CA-00514 and No. 2022-CA-00516. Because two appeals arise from the same underlying action and present identical issues, this Court consolidated them by order entered September 23, 2022.

## II. STANDARD OF REVIEW

"The circuit court's decision to confirm or vacate a judicial sale is reviewed for an abuse of discretion." *U.S. Bank National Association v. Courtyards University of Kentucky*, 594 S.W.3d 205, 209 (Ky. App. 2019) (citations omitted). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound

-9-

legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). While the test for abuse of discretion is easily stated, the definition is amorphous and applying the test in practice is exceedingly difficult. It requires appellate courts to walk a fine line by engaging "in a meaningful review without resorting to retrying the issue[.]" *Miller v. Eldridge*, 146 S.W.3d 909, 917 (Ky. 2004) (emphasis added).

### III. ANALYSIS

"Whatever the value of the property, it has long been the rule in this jurisdiction that mere inadequacy of price is an insufficient ground for setting aside a judicial sale." *Sterling Grace Mun. Securities Corp. v. Central Bank & Trust Co.*, 926 S.W.2d 670, 673 (Ky. App. 1995). "For an inadequate price to require reversal for a new sale, the amount brought in the original sale must be so grossly inadequate as to 'shock the conscience' of the circuit court or raise the presumption of fraud." *Id.* "[T]he case which shocks the conscience of the court 'can never be reduced to a mathematical formula.'" *Combs v. Reneer*, 673 S.W.3d 809, 813 (Ky. App. 2023) (quoting *Looper v. Madison Guar. Sav. & Loan Ass'n*, 292 Ark. 225, 729 S.W.2d 156, 157 (1987)). Rather, the inadequacy of the sales price must be assessed considering all the circumstances surrounding the proceeding. *Id.* A low sales price in combination with irregularities in the proceedings "can be grounds

for setting aside a sale if the fault lies with the Master Commissioner rather than one of the parties." *U.S. Bank National Association*, 594 S.W.3d at 210.

Faced with a sales price of $1.00 and Carrington's objection, the circuit court did precisely what this Court has previously indicated as proper – it conducted a hearing at which it received testimony from both Carrington's counsel and the Master Commissioner. *See, e.g.*, *Halifax Financial Group, L.P. v. Lawson*, 2013-CA-001114-MR, 2014 WL 3887952, at *3 (Ky. App. Aug. 8, 2014) ("We believe that this matter should be remanded to the trial court for an evidentiary hearing as there have been issues raised challenging the sufficiency of notice and service upon which the court, in its sound discretion, may take into consideration along with the alleged inadequate valuation in determining whether to set aside the sale.").[6]

As set forth in the circuit court's order, the testimony indicated that there were no irregularities in the actual proceedings. The sale was set for February 21, 2022, and the parties were given adequate prior notice of it. The sale was advertised with a description of the property. The Master Commissioner started the sale at the appointed time. Red River started with a bid of $1.00, and when no other parties countered, the property was sold to it. Had Carrington's

---

[6] This unpublished opinion is not cited as binding authority, but rather for consideration of the underlying point of law as authorized by Kentucky Rule of Appellate Procedure ("RAP") 41(A).

representative been present, it would have no doubt bid against Red River and generated a higher sales price. However, as noted by the circuit court, Attorney Clifford's failure to arrive at the sale was not attributable to the Master Commissioner or the result of anything unusual. He encountered construction and could not remember where to turn once he arrived in Stanton because the landmarks he had previously relied upon were no longer present. Although regrettable, we cannot say that the problems Attorney Clifford encountered were of an irregular or unusual nature, and they certainly were not the fault of either Red River or the Master Commissioner.

Moreover, even if the Master Commissioner had received Attorney Clifford's message, we do not believe it would have been proper to delay the sale when he failed to appear at the designated start time, as it would have suggested favoritism to one of the parties to this action.

In sum, the circuit court considered the low sales price in light of all circumstances surrounding the sale and did not find the price so shocking that it justified setting the sale aside. The circuit court rendered this decision after a hearing at which it heard from all interested parties. We discern no abuse of discretion on its part.

## IV. CONCLUSION

For the foregoing reasons, we affirm the orders of the Powell Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Brian E. Chapman
Cincinnati, Ohio