RENDERED:  MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED
MODIFIED:  MAY 10, 2024; 10:00 A.M.

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0704-MR

JOHN PITT AND STEVE BALDWIN           APPELLANTS

v.          APPEAL FROM SIMPSON CIRCUIT COURT
HONORABLE MARK A. THURMOND, JUDGE
ACTION NO. 22-CI-00018

PUBLIC SERVICE COMMISSION OF
KENTUCKY; HORUS KENTUCKY 1,
LLC; AND STATE BOARD ON
ELECTRIC GENERATION AND
TRANSMISSION SITING           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND McNEILL, JUDGES.

COMBS, JUDGE:  Steve Baldwin and John Pitt (Baldwin and Pitt) appeal an order

of the Simpson Circuit Court affirming a final order of the Public Service

Commission's State Board on Electric Generation and Transmission Siting (the

Siting Board). Upon its review of the administrative decision, the circuit court determined that the agency did not act arbitrarily or outside the scope of its authority and that it had not applied the law incorrectly. After our review, we affirm.

Horus Kentucky 1, LLC (Horus) proposed to build a solar photovoltaic electric generating facility on its property in Simpson County. In July 2021, it filed an application for a construction certificate with the Siting Board. As part of its application, HK1 submitted an economic impact analysis, a site assessment report, and a property value impact study.

Pitt and Baldwin petitioned the Siting Board to intervene in the proceedings, and their motion was granted. Pitt and Baldwin requested and received a public hearing on Horus's application. The hearing was scheduled for November 15, 2021, at the Public Service Commission offices in Frankfort.

In September, Horus filed revisions to its economic impact analysis. It also submitted a sound level assessment report; a transportation effect and route evaluation report; a property value impact study; zoning regulations for the City of Franklin and Simpson County; and its conditional use permit applications and exhibits. The Siting Board retained Harvey Economics to perform an independent review of Horus's proposed facility and application. Harvey Economics provided a written report to the Siting Board.

The Siting Board's public hearing lasted approximately two and-one-half (2 ½) hours. It heard testimony from many interested parties, including Baldwin and Pitt. Thereafter, Baldwin and Pitt filed a post-hearing memorandum.

The Siting Board also received and considered public comments of three adjoining property owners. These property owners expressed concern about the proximity of the proposed facility to local cemeteries.

On December 29, 2021, the Siting Board entered its order granting Horus's application for a certificate of construction for the proposed facility. The Siting Board's Final Order included findings and conclusions with respect to each factor enumerated by the provisions of KRS[1] 278.710(1). Additionally, the Siting Board imposed thirty-two (32) mitigation measures and conditions upon construction of the facility.

In January 2022, pursuant to the provisions of KRS 278.712, Baldwin and Pitt filed an action against the Siting Board in Simpson Circuit Court requesting that its final order be vacated on grounds that it was arbitrary, capricious, or otherwise unlawful or unreasonable. Baldwin and Pitt alleged that the evidence of record confirmed that the construction certificate should not have been granted for numerous reasons:

> including but not limited to the fact that the property
> around the proposed site is currently used for agricultural

---

[1] Kentucky Revised Statutes.

purposes and the solar panels will be clearly visible from the surrounding properties; the proposed site will not be in conformity with the rest of the countryside; there is no way that the solar farm can be completely concealed with vegetation; the proposed site will transform a quaint and quiet agricultural neighborhood to an industrial powerplant zone; the property value of surrounding acreage will be decreased; the existing roadways do not have sufficient space to allow construction vehicles to access the proposed solar farm site; the proposed site does not make adequate considerations for burial grounds and cemeteries; and it is still in question whether the proposed site complies with the applicable planning and zoning regulations in Simpson County, Kentucky.

The Siting Board and Horus denied that the administrative decision was unsupported by substantial evidence and observed that the circuit court could not substitute its judgment for that of the administrative agency. Pursuant to statute, and on behalf of the Siting Board, the Public Service Commission certified and filed with the circuit court two flash drives that contained an electronic copy of its official administrative record of the proceedings.

Following a period of briefing, the matter was submitted to the circuit court. Baldwin and Pitt argued that the order of the Siting Board was arbitrary, capricious, and unsupported by substantial evidence because the Siting Board "did not adequately consider the impact of the solar farm on scenic surroundings, property values, noise levels, surrounding roads, and the economy." The Siting Board responded that it "conducted a robust review of the application and created a substantial record that demonstrates the decision to grant the certificate to construct

-4-

was not arbitrary or capricious because it is supported by substantial evidence." In reply, Baldwin and Pitt argued that the findings of the Siting Board were "contrary to evidence on the record."

The circuit court surveyed the evidence and considered the applicable law. It concluded that the Siting Board correctly based its decision upon the factors set out in KRS 278.710(1) and that its final order was supported by substantial evidence. The circuit court denied the subsequent motion of Baldwin and Pitt to alter, amend, or vacate, the order. This appeal followed.

Baldwin and Pitt "do not argue that the Siting Board and Simpson Circuit Court did not have the benefit of voluminous records, data, testimony, and reports." Instead, "they contend that the sheer volume of information presented is not enough to satisfy the substantial evidence requirement." They challenge evidence concerning the efficacy of vegetative buffers and the use of setbacks -- relying instead on their own testimony indicating that the facility would significantly alter the agricultural character of the area and fail to conform to the countryside. They argue that the Siting Board received no evidence "as to the solar farm's conformity with its surroundings." They also challenge the value of reports relied upon by the Siting Board; the substance of an interview with the county's property valuation administrator; the existence of evidence related to noise levels associated with operation of the facility; the interpretation of a report related to

-5-

vehicular access to the construction site; and, finally, the quality of an economic impact analysis. They contend that the Siting Board's decision to grant a certificate of construction "was wholly unsupported by substantial evidence."

The arguments advanced by Baldwin and Pitt rely exclusively upon the character and utility of the evidence presented. Their contentions require this Court to evaluate the evidence of record. However, the record on appeal consists of a single DVD recording of two motion hearings and fewer than three hundred (300) pages (bound in two slim volumes) of the pleadings, motions, memoranda, and orders filed in the circuit court. We have received no record of the proceedings conducted before the Siting Board. Nor do we have any reports, studies, transcripts, analyses, testimony, or correspondence submitted to the agency. Under these circumstances, the missing record is presumed to support the decision of the circuit court. *Commonwealth v. Thompson*, 697 S.W.2d 143 (Ky. 1985).

The parties did not initially address this omission from the record as permitted by our Rule of Appellate Procedure (RAP) 25, but they did file a Petition for Rehearing after we rendered our first opinion affirming. (This modified Opinion follows our review of their Petition.) In the Petition for Rehearing, the Appellants urged us to set aside our first opinion and, *sua sponte*, to seek the omitted flash-drives from the circuit court clerk and to then again to consider the

merits of the case. However, we decline to do so because the fact remains that the party seeking an appeal bears the burden to certify the record and to ascertain that designated material was not omitted by the clerk of the court from which the appeal is taken. In the case before us, the certification of this record by the clerk did not include the flash-drives. However, the clerk certified the record **as designated and submitted by the Appellants**. The clerk did not err. Under these circumstances, we decline to deviate from our rules and in effect to shift to this Court the burden that clearly is the responsibility of the Appellants.

However, we note that after our review of the record that we have had properly before us, we have found no inkling of the error alleged in the arguments of the Appellants. There was already quite substantial evidence supporting the well reasoned opinion of the Simpson Circuit Court. We are not persuaded that the failure to designate additional material was fatal to the outcome of this appeal, and we conclude that it was indeed harmless error on the part of the Appellants.

We affirm the order of the Simpson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

David Broderick
Bowling Green, Kentucky

BRIEF FOR APPELLEE HORUS
KENTUCKY 1, LLC:

Randall L. Saunders
Huntington, West Virginia

BRIEF FOR APPELLEE PUBLIC
SERVICE COMMISSION OF
KENTUCKY AND KENTUCKY
STATE BOARD ON ELECTRIC
GENERATION AND
TRANSMISSION SITING:

Heather E. Strotman Temple
Frankfort, Kentucky

John E.B. Pinney
Frankfort, Kentucky